IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Michael A. Oko,** | Case No. 1:21cv2222 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| **City of Cleveland, et al.,** | MEMORANDUM OPINION & ORDER |
| Defendants | |

Currently pending are *pro se* Plaintiff Michael A. Oko's (1) Motion for Injunctive Relief (Doc. No. 3); and (2) Motion for Writ of Possession (Doc. No. 4.) Defendants City of Cleveland and Michael Donegan filed a combined Brief in Opposition on April 22, 2022, to which Plaintiff responded on June 1, 2022. (Doc. Nos. 10, 12.) For the following reasons, Plaintiff's Motions are DENIED.

**I.      Background**

On November 22, 2021, Plaintiff Michael A. Oko filed a *pro se* Complaint in this Court against Defendants City of Cleveland and Cleveland Police Department ("CPD") Officers Michael Donegan, John Combs, and "John Doe." (Doc. No. 1.) Therein, Plaintiff alleges as follows.

In retaliation for a previous lawsuit filed by Plaintiff against the City of Cleveland,[1] Defendants placed Plaintiff under "an unwarranted surveillance" at his home, located at 675 East

---

[1] In August 2018, Plaintiff filed a *pro se* Complaint against the City of Cleveland in the Cuyahoga County Court of Common Pleas for the allegedly unlawful towing and impoundment of his 2002 Honda Odyssey and 2003 Honda Accord. *See Oko v. Cleveland Division of Police*, Case No. CV 18 901604 (Cuy. Cty. Cmn. Pl. Ct.). The docket in that case reflects that the state trial court granted summary judgment in the City of Cleveland's favor and the state appellate court affirmed. *Id. See also Oko v. Cleveland Division of Police*, 2021 WL 3781141 (Ohio App. 8th Dist. Aug. 26, 2021).

160th Street, Cleveland, Ohio. (*Id.* at ¶ 4.) On the morning of October 23, 2019, Defendant Combs placed a Notice of Abandoned Vehicle on Plaintiff's 2008 Land Rover, which was parked at Plaintiff's residence. (*Id.* at ¶ 6.) The following day, Plaintiff went to the CPD Fifth District Police Department to speak with the duty sergeant about the "mistaken assertion" that his 2008 Land Rover was abandoned. (*Id.* at ¶ 7.) Plaintiff spoke to an unidentified duty officer ("Officer Jane Doe") and presented his driver's license and proof of residence. (*Id.* at ¶ 8.) Officer Jane Doe instructed Plaintiff to disregard the Notice and stated that she would notify the City's field officers that the Land Rover was not, in fact, abandoned. (*Id.* at ¶¶ 8, 9.)

Two days later, on October 26, 2019, Defendants directed a private towing company to tow Plaintiff's Land Rover and its belongings from Plaintiff's residence to the Cleveland Vehicle Impound Unit. (*Id.* at ¶ 10.) The Impound Unit is allegedly administered in part by Officer Donegan. (*Id.*) Plaintiff subsequently asked Officer Donegan to identify the offense for which his vehicle was taken and requested that the vehicle be immediately released. (*Id.* at ¶ 11.) Officer Donegan advised Plaintiff that the Land Rover was towed for a parking violation based on an expired registration tag.[2] (*Id.*) Plaintiff further alleges that Officer Donegan told him that "no formal charges or citation was filed in any court unless Plaintiff first paid the full cost of the tow and storage fee to the towing company and the City before a formal minor misdemeanor charge may be file in the municipal court." (*Id.* at ¶ 13) (as in original). Officer Donegan denied Plaintiff's request for the return of his vehicle or a citation/court date to challenge the allegedly unlawful tow. (*Id.* at ¶ 14.)

---

[2] Plaintiff alleges that the registration tags on his Land Rover were not, in fact, expired. (*Id.* at ¶ 12.) He also alleges that he is the *bona fide* owner of the Land River "by way of Certificate of Title issued by the State of Ohio." (*Id.* at ¶ 14.)

2

Plaintiff alleges that the Defendants unlawfully took his Land Rover without a written notice of parking violation or "any other allegations of wrongdoing in which plaintiff has a constitutional right to defend against the allegation and the right to be heard in court." (*Id*. at ¶ 15.) He further alleges that he has suffered (and continues to suffer) harm as a result of the impoundment of his vehicle, including but not limited to social, physical, and economic hardship. (*Id*. at ¶ 17.)

In his Complaint, Plaintiff alleges claims for (1) unlawful possession and deprivation of beneficial rights under the Fifth and Fourteenth Amendments of the United States Constitution, Article 2, Section 16 of the Ohio Constitution, and Ohio Rev. Code Section 2737 (Count I); (2) unlawful retaliation in violation of his constitutional rights (Count II); and (3) malicious and bad faith actions (Count III). (Doc. No. 1.) He seeks compensatory damages in the amount of $125,000, punitive damages, declaratory relief, and injunctive relief. (*Id.* at pp. 5-6.)

Several months later, on January 11, 2022, Plaintiff filed the instant Motion for Injunctive Relief. (Doc. No. 3.) Therein, Plaintiff seeks a permanent injunction restraining Defendants from selling, auctioning and/or disposing of Plaintiff's vehicle and its contents pending a final determination in this matter. (*Id*.) On that same date, Plaintiff filed a Motion for Writ of Possession, seeking an order compelling Defendants to immediately return the Land Rover. (Doc. No. 4.)

The docket reflects the Complaint was served on the City of Cleveland on February 11, 2022. (Doc. No. 8.) After receiving an extension of time, Defendants City of Cleveland and Officer Donegan filed an Answer on March 31, 2022.[3] (Doc. No. 9.) These Defendants thereafter filed a

---

[3] Plaintiff is proceeding *in forma pauperis* in this action. (Doc. No. 5.) On May 3, 2022, this Court issued an Order noting that Plaintiff had failed to provide the necessary documents for the United States Marshal to properly serve Defendants Donegan or Combs. (Doc. No. 11.) Plaintiff was directed to provide completed summons forms, U.S. Marshal 285 forms, and copies of the Complaint for both Defendant Donegan and Defendant Combs. (*Id*.) Plaintiff provided the summons and Marshal forms on June 23, 2022. (Doc. No. 16.) Original summonses were thereafter issued

3

combined Brief in Opposition to Plaintiff's Motions for Injunctive Relief and Writ of Possession, on April 22, 2022. (Doc. No. 10.) Plaintiff filed a Reply on June 1, 2022. (Doc. No. 13.)

## II. Analysis

### A. Motion for Writ of Possession (Doc. No. 4)

Plaintiff asks the Court to compel Defendants to return his 2008 Land Rover because it was "unlawfully taken . . . without service of any Notice of the charged offense or violation [or] any wrongdoing." (Doc. No. 4 at 1.) Plaintiff submits a Declaration in support of his Motion, in which he repeats the factual allegations set forth above relating to the impoundment of his vehicle. (Doc. No. 4-1.) Plaintiff also avers that he is the *bona fide* owner of the Land Rover and, further, that the "vehicle expiration was not scheduled to expire until October 26, 2020." (*Id.*) Plaintiff asserts that the towing of his Land Rover is directly associated with, and in retaliation for, the exercise of his constitutional right to file a legal action against the City of Cleveland. (*Id.*) Plaintiffs argues that he "is entitled to the return of his vehicle in the condition it was unlawfully taken without any bond." (*Id.*)

Defendants argue that Plaintiff's Motion should be denied for several reasons. (Doc. No. 10 at pp. 2-4.) First, Defendants assert that Plaintiff's Motion is "devoid of any legal authority or factual support" that he is, in fact, entitled to the immediate return of the 2008 Land Rover. (*Id.*) Second, Defendants argue that, while Ohio law does allow a court to award possession of disputed property during the pendency of a lawsuit, Plaintiff has failed to either (1) provide the required notice under Ohio Rev. Code § 2737.05; or (2) provide the specific information required under Ohio Rev. Code §

---

to the U.S. Marshal for Defendants Donegan and Combs on June 27, 2022. (Doc. No. 17.) Service has not yet been returned executed as to either of these Defendants.

4

2737.03, including an affidavit setting forth the approximate value of the vehicle and a copy of the Certificate of Title. (*Id*. at p. 3-4.) Third, Defendants argue that Plaintiff has not shown convincingly that he is likely to succeed on the merits. (*Id*. at pp. 4-5.) Fourth, and finally, Defendants argue that the City is immune from suit under Ohio Rev. Code §§ 2744.02 *et seq*. (*Id*. at p. 5.)

In reply, Plaintiff submits a variety of documents in support of his Motion, including copies of (1) the Certificate of Registration for the 2008 Land Rover; (2) a Vehicle/Tow supplement form dated October 27, 2019 issued by the private towing company relating to that vehicle; (3) a letter from the City of Cleveland informing Plaintiff that the Land Rover has been impounded and is in the City impound unit; and (4) various filings relating to Plaintiff's various state court lawsuits. (Doc. No. 13-1 through 13-10.) Notably, Plaintiff did not attach a copy of the Certificate of Title to the 2008 Land Rover at issue to either his Complaint, his Motion, or his Reply Brief.

At the outset, the Court notes that Plaintiff's Motion does not identify the legal basis for the relief he requests. (Doc. No. 4.) Based on citations and arguments in his Reply Brief, however, it appears that Plaintiff intends to rely on Ohio's statute governing replevin actions, Ohio Rev. Code § 2737.01 *et seq.* (Doc. No. 13 at p. 8-9.) Federal Rule of Civil Procedure 64 provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). Rule 64(b) specifically identifies replevin as one such available remedy.[4] Fed. R. Civ. P. 64(b).

---

[4] Some district courts in this Circuit have denied motions for possession and/or replevin for lack of authority under Rule 64. In those cases, the district courts have found that the purpose of Rule 64 is to "ensure that a fund will be available with which to satisfy a money judgment." *Tauwab v. Barry*, 2014 WL 4245967 at * 10 (N.D. Ohio Aug. 24, 2014). *See also Mehler Transport, Inc. v. Westfall Towing LLC*, 2021 WL 5339518 at * 2 (S.D. Ohio June 7, 2021). Because the plaintiffs did not seek the return of their property to ensure the existence of a fund to satisfy a potential judgment, those

Under Ohio law, "'[w]here a person claims the title to and the right of immediate possession of specific personal property, and that such property is being wrongfully detained from him, he has the right to recover possession of such property by an action in [replevin].'" *Deere Credit, Inc. v. Clayton Railroad Construction, LLC*, 2012 WL 13026849 at * 2 (S.D. Ohio July 2, 2012) (quoting *Service Transp. Co. v. Matyas*, 112 N.E.2d 20, syll. ¶ 1 (Ohio 1953)). Replevin is a legal remedy governed by Ohio statute. Ohio Rev. Code §§ 2737.01 *et seq*. *See Am. Rents v. Crawley*, 603 N.E.2d 1079, 1080 (Ohio App. 10th Dist. 1991) (replevin has no common-law tradition in Ohio but has always been a statutory cause of action); *Deere Credit, Inc.*, 2012 WL 13026849 at * 2. As such, a court's authority over an action in replevin comes directly from the Ohio Revised Code and "a court cannot provide remedies not specifically enumerated by statute." *Am. Rents*, 603 N.E.2d at 1080 (citing *Hare & Chase v. Hoag*, 161 N.E. 224 (Ohio App. 6th Dist. 1927)).

Under Ohio Rev. Code § 2737.03, "[a]ny party to an action involving a claim for the recovery of specific personal property, upon or at any time after commencement of the action, may apply to the court by written motion for an order of possession of the property." This statute provides that specific information be provided with such a motion, as follows:

> The motion **shall** have attached to it the affidavit of the movant, his agent, or his attorney containing **all of** the following:
>
> (A) A description of the specific personal property claimed **and the approximate value of each item or category of property claimed;**

---

courts concluded that Rule 64 was not "triggered" and, therefore, the court lacked authority to order the relief requested. *See Tauwab*, 2014 WL 4245967 at *10; *Mehler Transport, Inc.*, 2021 WL 5339518 at * 2; *Greenlee v. Sandy's Towing & Recovery, Inc.,* 2016 WL 8739199 at * 2 (S.D. Ohio May 13, 2016). Other district courts have proceeded to address motions for possession/replevin without expressing concern regarding the issue of authority under Rule 64. *See, e.g., Deere Credit, Inc. v. Clayton Railroad Construction, LLC*, 2012 WL 13026849 (S.D. Ohio July 2, 2012); *Verathon Marathon, Inc. v. DEX One Service, Inc.,* 2013 WL 1627073 (S.D. Ohio Apr. 16, 2013). The parties do not mention Rule 64 or otherwise address this issue in their briefing in the instant case. The Court need not address this issue, however. Even assuming it has authority under Rule 64 to order the relief requested, the Court finds, *infra,* that Plaintiff's Motion must be denied because he has failed to satisfy the specific requirements of Ohio's replevin statute.

(B) The specific interest of the movant in the property and, **if the interest is based upon a written instrument, a copy of that instrument;**

(C) The manner in which the respondent came into possession of the property, the reason that the detention is wrongful and, to the best of the knowledge of the movant, the reason, if any, that the respondent may claim the detention is not wrongful;

(D) The use to which the respondent has put the property, as determined by the movant after such investigation as is reasonable in the circumstances;

(E) The extent, if any, to which the movant is or will be damaged by the respondent's detention of the property;

(F) To the best of the movant's knowledge, the location of the property;

(G) That the property was not taken for a tax, assessment, or fine pursuant to statute, or seized under execution of judgment against the property of the movant or, if so seized, that it is statutorily exempt from seizure.

Ohio Rev. Code 2737.03 (emphasis added). In addition, upon the filing of a motion for an order of possession under 2737.03, the movant "**shall** file with the clerk of the court a praecipe instructing the clerk to issue to the respondent a notice of the proceeding." Ohio Rev. Code § 2737.05(A) (emphasis added). Among other things, the Notice to be issued pursuant to § 2737.05 informs the respondent of the filing of the motion and advises that, within five days of receiving the Notice, the respondent may request a hearing before the court. *Id*.

Here, Defendants correctly note that Plaintiff failed to comply with the notice requirements of § 2737.05. Specifically, the docket reflects that Plaintiff failed to file a praecipe with the Clerk of Courts instructing the Clerk to issue the required Notice to Defendants herein. As a result, this Court did not set, and Defendants did not have the opportunity to request, a timely hearing on Plaintiff's Motion. Plaintiff's failure to follow these procedures is, in and of itself, grounds to deny his Motion.

In addition, Plaintiff failed to follow the strict requirements of § 2737.03. Upon review, the Court finds that the affidavit submitted by Plaintiff in support of his Motion fails to include all of the information required by § 2737.03, i.e., (1) the approximate value of the 2008 Land Rover (§ 2737.03(A)); and (2) a copy of the Certificate of Title showing that Plaintiff is, indeed, the legal owner of the Land Rover (§ 2737.03(B)). (Doc. No. 4-1.) Moreover, although Defendants expressly identified these deficiencies in their Brief in Opposition, Plaintiff failed to address them in his Reply Brief or otherwise submit documentation that addresses these specific requirements. (Doc. No. 13.)

"Replevin is a prejudgment remedy that is available only if specific procedures are followed." *Am. Rents*, 77 Ohio App.3d at 804. *See also Paolucci v. Morgan*, 108 N.E.3d 88, 93 (Ohio 11th Dist. 2018) ("Replevin is a statutory remedy that must be sought in accordance with specific procedures."); *Globe Auto Ctr. v. A-Tech Automotive Repair*, 2009 WL 2005354 at * 1 (Ohio App. July 10, 2009). It is "an extraordinary remedy which has always been zealously guarded by the courts and which must continue to be recognized as a right carefully scrutinized and exercised with care and caution." *Maryland Nat. Bank v. Jenkins*, 1986 WL 12657 at * 2 (Ohio App. 5th Dist. Oct. 30, 1986). *See also Deere Credit, Inc.*, 2012 WL 13026849 at * 5 (same). For this reason, courts have denied motions for replevin/possession where the movant fails to follow the specific requirements of Ohio's replevin statutes. *See, e.g., Phelps v. MacConnell,* 2013 WL 4010687 at * 4 (S.D. Ohio Aug. 6, 2013); *Caterpillar Financial Services Corp. v. C&D Disposal Technologies*, 2012 WL 12883333 at * 2 (S.D. Ohio July 10, 2012). *See also Deere Credit, Inc.*, 2012 WL 13026849 at * 4 (noting that "the language of § 2737.03 indicates that *all* of the elements *must* be set forth in the affidavit accompanying a motion for prejudgment order of possession.") (emphasis added).

Here, Plaintiff failed to comply with either the notice provisions of § 2737.05 or the evidentiary requirements set forth in § 2737.03. Plaintiff's Motion is, therefore, denied.

### B. Motion for Injunctive Relief (Doc. No. 3)

Plaintiff next requests a permanent injunction restraining Defendants from selling, auctioning, and/or otherwise disposing of the 2008 Land Rover and its contents, pending final determination in this matter. (Doc. No. 3.) Plaintiff argues that he will suffer irreparable harm if an injunction is not granted, "including but not limited to loss of property and its contents." (*Id*.) Defendants argue that Plaintiff is not entitled to a permanent injunction because he has not prevailed on the merits and has not established that he has suffered irreparable injury. (Doc. No. 10 at p. 6.) Defendants further assert that Plaintiff's Motion should be denied because Plaintiff has an adequate remedy at law, i.e., monetary damages. (*Id*.)

"[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). *See also Monsanto Co v. Geertson Seed Farms,* 561 U.S. 139, 156-157 (2010); *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006). In addition, unlike a preliminary injunction which requires a showing of *likelihood* of success on the merits, a permanent injunction requires a plaintiff to show *actual* success on the merits. *See Madej v. Maiden*, 951 F.3d 364, 369 (6th Cir. 2020) ("If [plaintiffs] cannot show 'actual success'

on their claims, they cannot obtain a permanent injunction."). *See also Jolivette v. Husted*, 694 F.3d 760, 765 (6th Cir. 2012).

Here, Plaintiff is not entitled to a permanent injunction because this Court has not adjudicated the merits of his claims and, therefore, he has not demonstrated actual success on the merits. Moreover, Plaintiff has failed to sufficiently show that he has suffered, or will suffer, irreparable injury as a result of the towing and impoundment of his vehicle. To demonstrate irreparable injury, the movant must show that he will suffer "actual and imminent harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir.2006). *See also List v. Ohio Elections Comm'n*, 45 F.Supp.3d 765, 780 (S.D. Ohio 2014). Harm is irreparable if it cannot be fully compensated by monetary damages. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 578 (6th Cir. 2002).

Here, Plaintiff alleges generally in the Complaint that he has suffered "social, physical, and economic hardship" as a result of Defendants' actions but does not provide any further explanation or detail as to the nature or scope of these hardships. Indeed, in his Motion, Plaintiff states only that the irreparable harm from Defendants' actions consists of the "loss of property and its contents." (Doc. No. 3 at p. 1.) Plaintiff has not sufficiently demonstrated that this alleged harm is "actual and imminent" or that it cannot be fully compensated by monetary damages. Finally, and relatedly, the Court finds that Plaintiff has not shown that he has no adequate remedy at law for his alleged injuries.

Accordingly, Plaintiff's Motion for a Permanent Injunction (Doc. No. 3) is denied.[5]

---

[5] Even if it were to liberally construe Plaintiff's Motion as seeking a preliminary injunction, the Court finds that Plaintiff has failed to show that he is entitled to such relief. When considering a motion for preliminary injunction, the Court must consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without an injunction; (3) whether issuance of an injunction would cause substantial harm to others; and (4) whether the public interest would be served by the injunction. *See National Credit Union Administration*

**III.    Conclusion**

For all the reasons set forth above, Plaintiff's Motion for Injunctive Relief (Doc. No. 3) and Motion for Writ of Possession (Doc. No. 4) are DENIED.

**IT IS SO ORDERED.**

Dated:  July 8, 2022               *s/Pamela A. Barker*
                                                PAMELA A. BARKER
                                                UNITED STATES DISTRICT JUDGE

---

*Board v. Jurcevic,* 867 F.3d 616, 622 (6th Cir. 2017).  As discussed above, Plaintiff has not demonstrated that he would suffer irreparable injury without an injunction.  In addition, the Court finds that Plaintiff has not sufficiently demonstrated shown that he has a strong likelihood of success on the merits.

11