## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Michael A. Oko,                                    Case No. 1:21cv2222

                          **Plaintiff,**

        -vs-                                       JUDGE PAMELA A. BARKER

City of Cleveland, et al.,
                                                   **MEMORANDUM OPINION & ORDER**
                          **Defendants**

Currently pending is the Motion of Defendants City of Cleveland, John Combs, John Smith, and Michael Donegan for Summary Judgment.   (Doc. No. 48.)   *Pro se* Plaintiff Michael Oko did not file a Brief in Opposition.  For the following reasons, Defendants' Motion is GRANTED.

## I.      Facts

Plaintiff Michael Oko ("Plaintiff" or "Oko") resides on East 160th Street in Cleveland, Ohio and is the owner of a 2008 Land Rover, VIN# SALAE25478A448683.  (Decl. of Michael Oko (Doc. No. 3-1) at ¶¶ 1, 2; Doc. No. 28-2 at PageID#s 205-214; Doc. No. 28-3 at PageID# 227.)  According to certified Ohio Bureau of Motor Vehicle ("BMV") records, the registration for Plaintiff's 2008 Land Rover expired on October 26, 2019.  (Affidavit of M. Donegan dated August 22, 2022 (Doc. No. 28-1) at ¶ 4; Doc. No. 28-2 at PageID#s 203, 204, 207.)

On the morning of October 23, 2019, Cleveland Police Officer John Combs ("Officer Combs") placed a Notice of Abandoned Vehicle on Plaintiff's 2008 Land Rover, which was parked on the street outside Plaintiff's residence.  (Doc. No. 3-1 at ¶ 6.)  The following day, Plaintiff went to the Cleveland Fifth District Police Department to speak with the duty sergeant about the "mistaken assertion" that his 2008 Land Rover was abandoned.  (*Id.* at ¶ 7.)  According to Plaintiff, he spoke to

an unidentified duty officer and "was assured that the vehicle will not be towed based upon the new information of ownership provided by plaintiff." (*Id.*)

Nonetheless, Plaintiff's Land Rover was towed on October 27, 2019.  (Declaration of M. Donegan (Doc. No. 48-1) at ¶ 3.)  Specifically, Cleveland Police Officers Combs and John Smith ("Officer Smith") directed a third-party private towing company, Interstate Towing and Transport Specialist, Inc. ("Interstate Towing"), to tow Plaintiff's Land Rover and its belongings from Plaintiff's residence to the City of Cleveland Vehicle Impound Unit located at 3040 Quigley Road in Cleveland, Ohio (hereinafter "Vehicle Impound Unit").  (Doc. No. 3-1 at ¶ 8; Doc. No. 27 at ¶ 31.) *See also* Doc. No. 28-3 at PageID# 221, 223, 226.

Cleveland Police Sergeant Michael Donegan ("Sergeant Donegan") is employed at the Vehicle Impound Unit.  (Doc. No. 48-1 at ¶ 1.)  At some point after Plaintiff's Land Rover arrived at the Vehicle Impound Unit,[1] Plaintiff approached Officer Donegan and asked him to identify the offense for which his vehicle was towed and to immediately release his vehicle.  *See* Doc. No. 27 at ¶ 34; Doc. No. 3-1 at ¶ 9.  Plaintiff was informed that his Land Rover was towed for a parking violation based on an expired registration tag.  (Doc. No. 48-1 at ¶ 4-6; Doc. No. 3-1 at ¶ 10.)  Sergeant Donegan avers that Plaintiff was further informed as follows:

> 5. Mr. Oko was informed at that time that the vehicle could be released to him after a ticket was issued and he paid the fine for the expired plates/registration and the tow and impound fees.
>
> 6. Alternatively, he was told that the City could issue him a ticket for the expired registration that he could then go and dispute in court. He was also informed that if he

---

[1] Sergeant Donegan avers that Plaintiff appeared at the Vehicle Impound Lot and inquired about his 2008 Land Rover "shortly after its arrival at the impound lot." (Doc. No. 48-1 at ¶ 4.) In his First Amended Complaint, Plaintiff alleges that his conversation with Sergeant Donegan occurred on October 27, *2021*.  (Doc. No. 27 at ¶ 34.)  Plaintiff, however, has not submitted any affidavits or other documentary proof that he spoke with Sergeant Donegan at the Vehicle Impound Unit about his Land Rover on October 27, 2021, i.e., two full years after his Land Rover was towed.

2

prevailed in court, it could order a release of the vehicle without having to pay a fine
for the expired plates/registration, without having to pay for the tow, and/or without
having to pay any impound or storage fees.

7. Mr. Oko was cautioned that if he challenged the matter in court and lost, he could
be ordered to pay Court costs and additional storage fees that would accumulate each
day the vehicle was in storage before he paid all potential fees.

8. Mr. Oko was also told that a failure to retrieve the towed vehicle by December 5,
2019, would lead to sale and/or disposition of the vehicle according to law. ***

(Doc. No. 48-1 at ¶¶ 5-8.)  The City of Cleveland served a letter on Plaintiff via certified mail on

November 20, 2019 containing information regarding the impoundment of his Land Rover.  (Doc.

No. 28-3 at PageID#s 224, 225, 227.)

According to Sergeant Donegan, Plaintiff left the Vehicle Impound Unit "without informing

the officer what he wanted to do and, thus, [he] was not issued a ticket at that time."  (Doc. No. 48-1

at ¶ 9.)  Sergeant Donegan further avers (and Plaintiff does not contest) that Plaintiff "has never

returned to the vehicle impound unit and made an election as to how he wished to proceed so that a

ticket could be issued since the tow of his vehicle."  (*Id*.)

Instead, on August 25, 2020, Plaintiff filed a *pro se* "Complaint for Possession & Money

Damage Claim" against the City of Cleveland in the Cuyahoga County Court of Common Pleas,

asserting claims arising out the towing and impoundment of his 2008 Land Rover.  *See Oko v. City

of Cleveland*, Case No. CV 20 936399 (Cuy. Cty. Ct. Cmn. Pl.)  Therein, Plaintiff alleged that he is

the *bona fide* owner of the Land Rover and its contents and that his "current registration is set to

expire on October 26, 2020."  *Id*. at Complaint, ¶ 7.  Plaintiff alleged that his Land Rover was

unlawfully towed and raised the following claims for relief:

A. Plaintiff states that the action of the Defendants as stated above deprived plaintiff
of the beneficial use of the automobile and the ownership right under Ohio Replevin
Law.

3

> B. That the action of the Defendant as stated in the foregoing paragraphs is in bad faith and malicious retaliation against the Plaintiff's exercise of constitutional right to seek court review. [2]

*Id.* at Complaint, p. 3. Plaintiff sought declaratory, injunctive, and monetary relief. *Id.* at Complaint, pp. 3-4. On November 24, 2021, Plaintiff filed a Notice of Dismissal of his state court action.[3] *See* Doc. No. 48-2 at PageID# 367. The state court docket reflects that the state trial court dismissed Plaintiff's state court case on November 30, 2021. *See Oko v. City of Cleveland*, Case No. CV 20 936399 (Cuy. Cty. Ct. Cmn. Pl.) (docket sheet).

## II.    Procedural History

Meanwhile, on November 22, 2021, Plaintiff filed a *pro se* Complaint in this Court against the City of Cleveland and Cleveland Police Officers Donegan, Combs, and "John Doe," also alleging claims arising out of the towing and impoundment of his 2008 Land Rover. (Doc. No. 1.) Plaintiff's Complaint set forth claims for (1) unlawful possession and deprivation of beneficial rights under the Fifth and Fourteenth Amendments of the United States Constitution, Article 2, Section 16 of the Ohio Constitution, and Ohio Rev. Code Section 2737 (Count I); (2) unlawful retaliation in violation of his constitutional rights (Count II); and (3) malicious and bad faith actions (Count III). (*Id.*)

---

[2] Specifically, Plaintiff claimed that the City of Cleveland placed him under an "unwanted surveillance" in retaliation for his filing of a lawsuit against the City of Cleveland in August 2018 in the Cuyahoga County Court of Common Pleas for the allegedly unlawful towing and impoundment of his 2002 Honda Odyssey and 2003 Honda Accord. *See Oko v. Cleveland Division of Police*, Case No. CV 18 901604 (Cuy. Cty. Cmn. Pl. Ct.) (Doc. No. 1). The docket in that case reflects that the state trial court granted summary judgment in the City of Cleveland's favor on September 14, 2020. *Id.* at docket sheet. Plaintiff appealed, and the state appellate court affirmed on August 26, 2021. *See Oko v. Cleveland Division of Police*, 2021 WL 3781141 (Ohio App. 8th Dist. Aug. 26, 2021).

[3] Prior to filing his Notice of Dismissal, Plaintiff filed a Motion for an Order of immediate possession of his 2008 Land Rover pursuant to Ohio's replevin statute, Ohio Rev. Code Chapter 2737. *Id.* at docket. The City opposed Plaintiff's Motion. *Id.* On January 8, 2021, the state trial court stayed Plaintiff's case until such time as the state appellate court issued a ruling in Plaintiff's 2018 state case, *Oko v. Cleveland Division of Police*, Case No. CV 18 901604 (Cuy. Cty. Cmn. Pl. Ct.).

Several months later, on January 11, 2022, Plaintiff filed a Motion for Injunctive Relief, in which he sought a permanent injunction restraining Defendants from selling, auctioning and/or disposing of his vehicle and its contents.  (Doc. No. 3.)  On that same date, Plaintiff filed a Motion for Writ of Possession, seeking an order compelling Defendants to immediately return the Land Rover.  (Doc. No. 4.)

The docket reflects the Complaint was served on the City of Cleveland on February 11, 2022. (Doc. No. 8.)  After receiving an extension of time, Defendants City of Cleveland and Officer Donegan filed an Answer on March 31, 2022.  (Doc. No. 9.)  These Defendants thereafter filed a combined Brief in Opposition to Plaintiff's Motions for Injunctive Relief and Writ of Possession, on April 22, 2022.  (Doc. No. 10.)

On July 8, 2022, this Court issued an Order denying Plaintiff's Motions for Injunctive Relief and Writ of Possession.  (Doc. No. 18.)  A Case Management Conference ("CMC") was conducted on July 20, 2022, at which time various case management deadlines were set.  (Doc. No. 23.)

On August 8, 2022, Plaintiff filed a First Amended Complaint, in which he added Officers Smith and Interstate Towing and Transport Specialist, Inc. as Defendants.  (Doc. No. 27.)  In his First Amended Complaint, Plaintiff alleges that City of Cleveland Parking Ordinances §§ 451.02 through 459.12 require law enforcement officers to "strictly adhere[] to the practices of writing a parking ticket and affixing said tickets to the windshield of vehicle to satisfy due process because it constitutes service reasonably certain to provide Notice of violation."  (*Id*. at ¶ 10.)  Plaintiff further alleges that "[i]n the absence of infraction ticket, there is no parking violation and the seizure of property is unlawful."  (*Id*. at ¶ 11.)  Plaintiff claims that:

> The Defendants while acting under the color of State law individually and in a concerted action failed to follow the City Ordinance and the United States Constitution

> and laws of the State of Ohio in violation of Plaintiffs Rights to enjoy the beneficial use of his property. Defendants failed to charge Plaintiff with any offense and opportunity to defend the charge prior to deprivation and thereafter.

(*Id*. at ¶ 13) (spelling, punctuation, and grammar as in original.)  Plaintiff claims that he has suffered (and continues to suffer) harm resulting from the impoundment of his vehicle, including but not limited to social, physical, and economic hardship.  (*Id*. at ¶ 38.)

Plaintiff alleges claims for:  (1) violation of his rights under the Fourteenth Amendment to the U.S. Constitution pursuant to 42 U.S.C. § 1983 (Count One); (2) unlawful retaliation pursuant to 42 U.S.C. § 1983 (Count Two); (3) violation of the "Ohio Civil Rights Act" and Ohio Rev. Code Chapter 2737 (Count Three); (4) unlawful taking of his property without just cause in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution (Count Four); and (5) "bad faith and malicious government action" in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution (Count Five).  (*Id*. at pp. 9-11.)

Defendants City of Cleveland, Officers Combs and Smith, and Sergeant Donegan (hereinafter referred to collectively as "the City of Cleveland Defendants") filed Answers on August 23, 2022 and February 14, 2023.  (Doc. Nos. 28, 46.)  The City of Cleveland Defendants thereafter filed a Motion for Summary Judgment as to all of Plaintiff's claims.[4]  (Doc. No. 48.)

Plaintiff was granted an extension until April 25, 2023 to file a Brief in Opposition to the City of Cleveland Defendants' Motion, but failed to do so.  Instead, on June 14, 2023, Plaintiff filed a "Notice," in which he indicated that he was "unavoidably prevented" from meeting the dispositive

---

[4] On March 3, 2023, Interstate Towing filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. No. 55.) Plaintiff filed a *pro se* Brief in Opposition on April 4, 2023, to which Interstate Towing replied on April 10, 2023.  (Doc. Nos. 62, 63.)  On June 21, 2023, this Court issued a Memorandum Opinion & Order granting Interstate Towing's Motion to Dismiss.  (Doc. No. 65.)

motion deadline in this matter due to an unspecified "emergency medical condition."  (Doc. No. 64.)
Plaintiff asserted this was good cause for an extension of time and stated that "full and comprehensive
pleadings in response to his adversarial party's pleadings will be filed by no later than June 17, 2023."
(*Id*.)

On June 15, 2023, the Court issued an Order directing Plaintiff to submit documentation or
other proof regarding his emergency medical condition by no later than June 22, 2023.  *See* Non-Doc
Order dated June 15, 2023.  Plaintiff failed to submit any documentation or other proof by that date.
Nor did Plaintiff submit any response to the City of Cleveland Defendants' Motion for Summary
Judgment by June 17, 2023.  Accordingly, the Court denies Plaintiff's request for an extension of
time to respond to the City of Cleveland Defendants' Motion and will proceed to rule on Defendants'
Motion as unopposed.

## III.    Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any
material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A
dispute is 'genuine' only if based on evidence upon which a reasonable jury could return a verdict in
favor of the non-moving party."  *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 487 (6th Cir.
2006).  "Thus, 'the mere existence of a scintilla of evidence in support of the plaintiff's position will
be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'"
*Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (quoting *Anderson v. Liberty
Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  A fact is "material" only "if its resolution might affect the
outcome of the suit under the governing substantive law."  *Henderson*, 469 F.3d at 487.

At the summary judgment stage, "[a] court should view the facts and draw all reasonable inferences in favor of the non-moving party."  *Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 628 (6th Cir. 2018).  In addition, "the moving party bears the initial burden of showing that there is no genuine dispute of material fact."  *Ask Chems., LP v. Comput. Packages, Inc.*, 593 Fed. Appx 506, 508 (6th Cir. 2014).  The moving party may satisfy this initial burden by "identifying those parts of the record which demonstrate the absence of any genuine issue of material fact."  *Lindsey v. Whirlpool Corp.*, 295 Fed. Appx 758, 764 (6th Cir. 2008).  "[I]f the moving party seeks summary judgment on an issue for which it does not bear the burden of proof at trial," the moving party may also "meet its initial burden by showing that 'there is an absence of evidence to support the nonmoving party's case.'"  *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  Once the moving party satisfies its burden, "the burden shifts to the non-moving party who must then point to evidence that demonstrates that there is a genuine dispute of material fact for trial."  *Ask Chems.*, 593 Fed. Appx at 508-09.  "[T]he nonmoving party may not simply rely on its pleading but must 'produce evidence that results in a conflict of material fact to be solved by a jury.'"  *MISC Berhad v. Advanced Polymer Coatings, Inc.*, 101 F. Supp. 3d 731, 736 (N.D. Ohio 2015) (quoting *Cox*, 53 F.3d at 150).

## IV.  Analysis

The City of Cleveland Defendants move for summary judgment in their favor with respect to Plaintiff's claims on numerous grounds, including the statute of limitations, qualified immunity, immunity under state law, and failure to satisfy the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  (Doc. No. 48.)  The Court will address the City of Cleveland Defendants' arguments separately, below.

8

A.     **Statute of Limitations**

The City of Cleveland Defendants first argue that Plaintiff's claims are time barred.  (Doc. No. 48 at pp. 3-4.)  Specifically, the City of Cleveland Defendants maintain that the two-year statute of limitations set forth in Ohio Rev. Code § 2305.10 applies to Plaintiff's federal claims and that "[t]o the extent Plaintiff has stated a claim under ORC 4112, it too has a two-year statute of limitations." (*Id*.)  The City of Cleveland Defendants assert that all of Plaintiff's claims accrued on October 27, 2019 because Plaintiff's Land Rover was towed and impounded (and Plaintiff's request to release the vehicle was refused) on that date.  (*Id*.)  Because the present action was not filed in this Court until November 22, 2021, the City of Cleveland Defendants maintain that Plaintiff's claims are untimely. (*Id*.)  Lastly, the City of Cleveland Defendants argue that the Ohio Savings Statute set forth in Ohio Rev. Code § 2305.19 does not apply because the instant lawsuit was filed before Plaintiff voluntarily dismissed his August 2020 state court lawsuit regarding the Land Rover.  (*Id*. at p. 4, fn 4.)

As noted *supra,* Plaintiff did not file a response to the City of Cleveland Defendants' Motion.

1.     **Federal Claims**

In his First Amended Complaint, Plaintiff alleges several claims pursuant to 42 U.S.C. § 1983. In Count One, Plaintiff asserts a § 1983 claim for violation of his due process rights under the Fourteenth Amendment to the United States Constitution based on the City of Cleveland Defendants' alleged failure to provide "actual notice of charge and opportunity for plaintiff to answer" prior to the towing and impoundment of his Land Rover.  (Doc. No. 27 at ¶¶ 41-47.)   In Count Two, Plaintiff asserts a § 1983 claim for unlawful retaliation based on "Defendants' unwarranted 24 hours monitoring of Plaintiff's residence and subsequent seizure of Plaintiff's 2008 Land Rover during pending legal action between the parties in [Cuyahoga County Court of Common Pleas] Case No.

9

CV-18-901606." (*Id*. at ¶ 50.)   In Count Four, Plaintiff asserts a § 1983 claim for the allegedly unlawful taking of his vehicle "without a showing of a *bona fide* interest in the said Property" and without "just cause in violation of the Plaintiff's rights to ownership." (*Id*. at ¶ 54.) Finally, in Count Five, Plaintiff asserts a § 1983 claim for "bad faith and malicious government action in violation of the 5th and 14th Amendments of the U.S. Constitution." (*Id*. at p. 11.)

The City of Cleveland Defendants argue that all of Plaintiff's federal claims are barred by the statute of limitations.[5]  As the Sixth Circuit has explained, "Section 1983 does not provide a statute of limitations, so we must borrow one from the most analogous state cause of action." *3799 Mill Run Partners, LLC v. City of Hilliard, Ohio*, 839 Fed. Appx. 948, 950 (6th Cir. 2020).  The Supreme Court has explained that statutes of limitations for § 1983 actions are borrowed from state law, but that the question of how to characterize § 1983 actions to determine the most analogous state statute of limitations is a question of federal law.  *See Wilson v. Garcia*, 471 U.S. 261 (1985), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-380 (2004). In *Wilson v. Garcia, supra,* that Court determined that the proper limitations period for a § 1983 action is the limitations period for personal injury actions in the state in which the § 1983 claim arises. *Id*.  Several years later, in *Owens v. Okure*, 488 U.S. 235 (1989), the Supreme Court further clarified that when a state has multiple statutes of limitations for different categories of personal injury actions, the residual personal injury statute of limitations applies.

Following these decisions, the Sixth Circuit held that the "limitations period for § 1983 actions arising in Ohio is the two-year period in Ohio Revised Code ('O.R.C.') § 2305.10." *Browning v.*

---

[5] The City of Cleveland Defendants properly raised the statute of limitations as an affirmative defense in their Answer to the First Amended Complaint.  (Doc. No. 28 at p. 4; Doc. No. 46 at p. 4.)

*Pendleton*, 869 F.2d 989 (6th Cir. 1989). Since then, courts have routinely held that, in Ohio, Ohio Rev. Code § 2305.10 is the appropriate statute of limitations in § 1983 cases, including in cases involving due process, takings, and First Amendment retaliation claims. *See 3799 Mill Run Partners, LLC*, 839 Fed. Appx. at 950 ("Thus, for § 1983 actions brought in Ohio, we have applied the state's two-year statute of limitations for personal injury actions."); *LRL Properties v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995) (explaining that the Sixth Circuit "squarely addressed this issue in *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989) and definitively held that "the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio ... requires that actions ... be filed within two years after their accrual."); *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997); *Banks v. City of Whitehall*, 344 F.3d 550, 553-554 (6th Cir. 2003). *See also Khatri v. Ohio State University*, 2021 WL 534904 at * 6 -8 (N.D. Ohio Feb. 12, 2021); *Boggs v. City of Cleveland*, 2021 WL 2188794 at * 4-6 (N.D. Ohio May 28, 2021); *Jacks v. City of Youngstown*, 2021 WL 3288572 at * 6-8 (N.D. Ohio Aug. 2, 2021); *Jones v. City of Akron*, 2019 WL 1024280 at * 3 (N.D. Ohio March 4, 2019).

In their Motion, the City of Cleveland Defendants argue that the two-year limitations period in Ohio Rev. Code § 2305.10 applies to Plaintiff's § 1983 claims. (Doc. No. 48 at pp. 3-4.) Plaintiff offers no argument to the contrary. Based on the ample authority cited above, the Court agrees with the City of Cleveland Defendants and concludes that the two-year limitations period in Ohio Rev. Code § 2305.10 applies to Plaintiff's § 1983 claims.

The next question the Court must decide is when the limitations period begins to run. The question of when the statute of limitations begins to run is governed by federal law. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). *See also Dibrell v. City of Knoxville, Tennessee,* 984 F.3d 1156,

1162 (6th Cir. 2021).  The Sixth Circuit recently discussed this issue in the context of a § 1983 claim

in *Dibrell*, *supra*, as follows:

> Although the statute of limitations turns on state law, the question of when a § 1983
> claim accrues to trigger the statute turns on federal law.  *Wallace*, 549 U.S. at 388,
> 127 S.Ct. 1091. The "standard" accrual "rule" for federal claims starts the limitations
> period "when the plaintiff has a complete and present cause of action" that can be
> raised in court. *Rotkiske v. Klemm*, ⸺ U.S. ⸺, 140 S.Ct. 355, 360, 205 L.Ed.2d
> 291 (2019) (quoting *Graham Cnty. Soil & Water Conservation Dist. v. United States
> ex rel. Wilson*, 545 U.S. 409, 418, 125 S. Ct. 2444, 162 L.Ed.2d 390 (2005)). The
> Supreme Court has contrasted this "standard" rule with a "discovery" rule that ties the
> start of the limitations period to when the plaintiff discovered (or should have
> discovered) the cause of action. *Id*. at 360–61. Any presumption favoring that
> discovery rule, the [Supreme] Court recently clarified, represents a "bad wine of recent
> vintage." *Id*. at 360 (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 37, 122 S.Ct. 441,
> 151 L.Ed.2d 339 (2001) (Scalia, J., concurring in the judgment)).
>
> In this § 1983 context, the [Supreme] Court has started its accrual analysis with the
> standard rule: that a claim accrues when the plaintiff has a complete cause of action.
> *McDonough*, 139 S. Ct. at 2155; *Wallace*, 549 U.S. at 388, 127 S.Ct. 1091.  Our §
> 1983 caselaw, by contrast, has started the accrual analysis with the competing
> discovery rule: that the claim accrues when the plaintiff knows of, or should have
> known of, that cause of action. *See King v. Harwood*, 852 F.3d 568, 578 (6th Cir.
> 2017); *Johnson,* 777 F.3d at 843.

*Dibrell*, 984 F.3d at 1161-1162.  The Sixth Circuit then wondered whether "our cases imbibing this

'bad wine' warrant reconsideration in light of the Supreme Court's recent teachings." *Id*. at 1162.

Ultimately, however, that court decided it "need not resolve this tension now" because, in that case,

the plaintiff's claims would be untimely under either the standard rule or the discovery rule.  *Id*.

As the Sixth Circuit has not definitively decided this issue, the Court will address the

timeliness of each of Plaintiff's § 1983 claims under both the standard accrual rule and the discovery

rule, below.

### a.    Standard Accrual Rule

Under the standard accrual rule, the limitations period starts to run "when the plaintiff has a complete and present cause of action" that can be raised in federal court.  *Dibrell*, 984 F.3d at 1162 (quoting *Rotkiske*, 140 S. Ct. at 360.)  In takings claims under § 1983, the Supreme Court has held that "a government violates the Takings Clause when it takes property without compensation, and … a property owner may bring a Fifth Amendment claim under § 1983 at that time."  *Knick v. Township of Scott, Pennsylvania*, 139 S. Ct. 2162, 2177 (2019).  *See also id*. at 2170 ("[A] property owner has a Fifth Amendment entitlement to compensation as soon as the government takes his property without paying for it.")

Here, Plaintiff's Land Rover was towed and impounded on October 27, 2019.  Sergeant Donegan avers (in two separate Declarations) that Plaintiff's Land Rover was towed on that date. (Doc. No. 28-1 at ¶ 4; Doc. No. 48-1 at ¶ 3.)  In addition, Sergeant Donegan authenticates City of Cleveland records regarding the towing and impoundment of Plaintiff's Land Rover, all of which uniformly indicate that it was towed and impounded on October 27, 2019.  (Doc. No. 28-1 at ¶ 3; Doc. No. 28-3 at PageID#s 221, 223, 226.)  Thus, the Court finds that Plaintiff had a "complete and present cause of action" that could be raised under the Takings Clause in federal court, by no later than October 27, 2019.  Under the standard accrual rule, Plaintiff had two years from that date (i.e., until October 27, 2021) to file his Takings claim.  As Plaintiff did not file his Complaint in this Court until November 22, 2021, Plaintiff's § 1983 takings claim as set forth in Count Four of the First Amended Complaint was filed twenty-six days late and is, therefore, time barred.

The same analysis applies to Plaintiff's due process claim.  Plaintiff alleges that the City deprived him of a right to property without due process of law when it towed and impounded his Land Rover without first affording Plaintiff "actual notice of charge and opportunity for plaintiff to

answer." (Doc. No. 27 at ¶ 42, 44.)  Like Plaintiff's takings claim, the Court finds Plaintiff had a "complete and present cause of action" with respect to his due process claim by no later than the date on which his Land Rover was towed and impounded, i.e., on October 27, 2019.  Under the standard accrual rule, therefore, Plaintiff had two years from that date (i.e., until October 27, 2021) to file his due process claim.  Plaintiff did not file his Complaint until November 22, 2021 and, thus, his § 1983 due process claim as set forth in Count One of the First Amended Complaint is also time-barred.

Lastly, the Court finds that Plaintiff's § 1983 retaliation claim is also time-barred.  As pled in Count Two of the First Amended Complaint, this claim is based on "Defendants' unwarranted 24 hours monitoring of Plaintiff's residence and subsequent seizure of Plaintiff's 2008 Land Rover during pending legal action between the parties in [Cuyahoga County Court of Common Pleas] Case No. CV-18-901606." (Doc. No. 27 at ¶ 50.)  Thus, like Plaintiff's takings and due process claims, Plaintiff had a "complete and present cause of action" with respect to his retaliation claim by no later than the date on which his Land Rover was "seized," i.e., on October 27, 2019.  Because Plaintiff did not file his Complaint until over two years later, on November 22, 2021, his § 1983 retaliation claim is time barred under the standard accrual rule.[6]

### b.    Discovery Rule

The Court now considers the timeliness of Plaintiff's § 1983 claims under the discovery rule.  Under this rule, the statute of limitations "does not begin to run until the plaintiff knows or has reason

---

[6] As noted *supra,* in Count Five, Plaintiff also alleges a claim for "bad faith and malicious government action in violation of the 5th and 14th Amendments of the U.S. Constitution." (Doc. No. 27 at p. 11.)  Plaintiff does not explain (either in the First Amended Complaint or otherwise) the precise nature of this Count or whether it is intended to assert an additional or different Fifth and/or Fourteenth Amendment claim than that which is already asserted in Counts One and Four.  In the absence of any argument to the contrary, the Court construes Count Five as asserting federal takings and due process claims that are duplicative of the takings and due process claims set forth in Counts One and Four.  Thus, Count Five is time-barred under the standard accrual rule for the reasons set forth above.

to know" of the injury that is the basis of the action.  *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (quoting *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007)). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."  *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). "Courts have taken a common-sense approach to this task, inquiring as 'to what event should have alerted the typical lay person to protect his or her rights.'"  *Id.* (quoting *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000)).  As the Sixth Circuit recently explained, this is an objective inquiry.  *See Miller v. Cocke County, Tennessee,* 2022 WL 103143 at * 2 (6th Cir. Jan. 11, 2022).

In the instant case, although the evidence clearly shows that Plaintiff's Land Rover was towed and impounded on October 27, 2019, it is not entirely clear when Plaintiff became aware that his Land Rover had been towed and impounded.  Plaintiff has not submitted any evidentiary material establishing when he discovered that his Land Rover had been towed and/or when he visited the Vehicle Impound Lot and attempted to obtain the release of his Land Rover.[7] Sergeant Donegan avers that Plaintiff appeared at the Vehicle Impound Unit "shortly after [the Land Rover's] arrival at the impound lot" but does not provide the specific date on which this visit occurred.  (Doc. No. 48-1 at ¶ 4.)

The City of Cleveland Defendants have, however, submitted evidence demonstrating that the City sent a letter to Plaintiff via certified mail informing him that this Land Rover had been impounded at the Vehicle Impound Unit and that it would be "disposed of according to due process

---

[7] While Plaintiff submitted Affidavits in support of Motions for Injunctive Relief and for Writ of Possession (Doc. Nos. 3-1, 4-1), neither of these Affidavits contain any averments regarding the date on which he learned his Land Rover had been towed and impounded and/or when he visited the Vehicle Impound Unit.

of law" unless he claimed it before December 5, 2019. (Doc. No. 48-1 at ¶ 8; Doc. No. 28-3 at PageID#s 224, 225, 227.) This letter further advised Plaintiff, in relevant part, that:

> Applicable fines and costs associated with the impounding of your vehicle must be paid in full before your vehicle can be released, in addition to any fines imposed by the Clerk's office for outstanding parking violations or Traffic Camera Enforcement Violations. For further information regarding outstanding violations, please call the Clerk of Courts at 216-664-4884.

(Doc. No. 28-3 at PageID# 227.) A certified mail return receipt attached to, and authenticated by, Sergeant Donegan shows that the City's letter was delivered to Plaintiff on November 20, 2019. (Doc. No. 28-3 at PageID# 224.)

Based on the above, the Court finds that, at the very latest, Plaintiff knew or had reason to know of the injury that is the basis of his takings, due process, and retaliation claims (i.e., the towing, impoundment, and refusal to release his vehicle absent payment) by no later than November 20, 2019. Under the discovery rule, therefore, Plaintiff had two years from that date (i.e., until November 20, 2021) to file these claims. The Court notes, however, that November 20, 2021 falls on a Saturday. Fed. R. Civ. P. 6 (which applies when "any statute ... does not specify a method of computing time") governs the computation of the limitations period. *See Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997). Under that Rule, if the deadline falls on a Saturday or Sunday, then "the period continues to run until the end of the next [business] day." Fed. R. Civ. P. 6(a)(1)(C). *See Correnti v. City of Cleveland*, 2022 WL 17176823 at * 3 (N.D. Ohio Nov. 21, 2022); *Freeland v. Russell*, 2011 WL 901036 at * 2 (S.D. Ohio March 14, 2011); *Bay v. Clermont County Sheriff's Dept.*, 2010 WL 5014226 at * 4 (S.D. Ohio Nov. 3, 2010), *report and recommendation adopted*, 2010 WL 4976728 (S.D. Ohio Dec. 1, 2010). Because Plaintiff filed his Complaint on the next business day

(i.e., Monday, November 22, 2021), the Court finds that his takings, due process, and retaliation claims are timely under the discovery rule.

### c. Ohio Saving's Statute

Although not raised by Plaintiff (and assuming that the standard accrual rule is applied and Plaintiff's § 1983 claims are determined to be untimely), the City of Cleveland Defendants maintain that Plaintiff's federal claims are not preserved under Ohio's Savings Statute, set forth at Ohio Rev. Code § 2305.19(a). For the following reasons, the Court agrees.

Ohio's Savings Statute, Ohio Rev. Code, § 2305.19(a), provides that "[i]n any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." According to the Supreme Court of Ohio, a savings statute is "remedial and [is] intended to provide a litigant an adjudication on the merits." *Wilson v. Durrani,* 164 Ohio St.3d 419, 421 (2020) (citing *Wasyk v. Trent*, 174 Ohio St. 525, 528 (1963)). Section 2305.19(a) "neither operates as a statute of limitations nor operates to toll the statute of limitations" but rather "provides a plaintiff with a limited period of time in which to refile a dismissed claim by commencing a new action that would otherwise be barred by the statute of limitations." *Id*. (citations omitted).

Here, prior to filing the instant action, Plaintiff filed a *pro se* Complaint in state court against the City of Cleveland on August 25, 2020, in which he asserted claims arising out of the towing and impoundment of his 2008 Land Rover. *See Oko v. City of Cleveland*, Case No. CV 20 936399 (Cuy. Cty. Ct. Cmn. Pl.) As noted *supra*, in that Complaint, Plaintiff alleged that he is the *bona fide* owner

17

of the Land Rover and its contents and that his "current registration is set to expire on October 26, 2020." *Id.* at Complaint, ¶ 7. Plaintiff set forth factual allegations that he had been placed under "unwarranted surveillance" by the City since filing his 2018 lawsuit, as well as factual allegations relating to the City's towing and impoundment of his Land Rover. *Id.* at Complaint. Plaintiff claimed that the City (1) "deprived plaintiff of the beneficial use of the automobile and the ownership right under Ohio Replevin Law;" and (2) acted "in bad faith and malicious retaliation against the Plaintiff's exercise of constitutional right to seek court review." *Id.* at Complaint, p. 3. Plaintiff sought declaratory, injunctive, and monetary relief. *Id.* at Complaint, pp. 3-4.

On January 8, 2021, the state trial court stayed Plaintiff's case until such time as the state appellate court issued a ruling in Plaintiff's 2018 lawsuit against the City. On November 24, 2021, Plaintiff filed a Notice of Dismissal of his state court Complaint regarding the towing and impoundment of his Land Rover. Therein, Plaintiff stated as follows:

> *Pro se* Plaintiff Michael Oko hereby notify this court that on November 22, 2021, [the] undersign[ed] sought United States District Court adjudication of the Subject matter under the Title *Michael Oko v. City of Cleveland, et al.*, Case No. 1:21CV2222. As a result, Plaintiff wishes to dismiss this action. The Proposed Motion to Dismiss is hereby attached as reference.

*See* Doc. No. 48-2 at PageID# 367. The state court docket reflects that the state trial court dismissed Plaintiff's state court case on November 30, 2021. *See Oko v. City of Cleveland*, Case No. CV 20 936399 (Cuy. Cty. Ct. Cmn. Pl.) (docket sheet).

The City of Cleveland Defendants argue that Plaintiff's federal claims herein are not saved by Ohio Rev. Code § 2305.19 because the instant lawsuit was filed before Plaintiff voluntarily dismissed his August 2020 state court lawsuit. (Doc. No. 48 at p. 4, fn 4.) The Court agrees. As the City of Cleveland Defendants correctly note, Ohio courts have consistently held that "the savings

statute does not apply where a plaintiff files a second complaint before failing otherwise than upon the merits in a previous complaint." *Windsor House, Inc. v. Ohio Dept. of Job & Family Services*, 2010 WL 323269 at * 4 (Ohio App. 10th Dist. Jan. 28, 2010).  As one Ohio appellate court explained:

> {¶ 18} A voluntary dismissal, pursuant to Civ. R. 41(A)(1), constitutes a failure otherwise than upon the merits within the meaning of the savings statute. *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 512 N.E.2d 337, paragraph two of the syllabus. Accordingly, there is no dispute that Windsor House failed otherwise than upon the merits in the court of common pleas action on March 25, 2009.
>
> {¶ 19} Fatal to Windsor House's claim of timeliness pursuant to the savings statute, however, is the fact that it filed its Court of Claims complaint prior to its failure otherwise than upon the merits in the court of common pleas. While Windsor House encourages us to overlook that fact, this court has previously held that such timing is not inconsequential but, rather, is determinative of the savings statute's applicability. In *Boozer v. Univ. of Cincinnati School of Law*, 10th Dist. No. 05AP–1099, 2006–Ohio–2610, we concluded that the savings statute does not apply where a plaintiff files a second complaint before failing otherwise than upon the merits in a previous complaint. [fn omitted] Specifically, we stated that, because the plaintiff's earlier complaint remained pending when she filed her later complaint, she did not file the later complaint within one year after a failure otherwise than upon the merits, as required for application of R.C. 2305.19. *See also Partin v. Ohio Dept. of Transp.*, 158 Ohio App.3d 200, 814 N.E.2d 551, 2004–Ohio–4038 (holding that there was no failure otherwise than upon the merits, as required by R.C. 2305.19, where the plaintiffs did not dismiss their common pleas complaint before filing in the Court of Claims). "Although courts liberally construe the savings statute, a plaintiff must satisfy the criteria of the statute in order to prevent circumvention of the statute of limitations and unfairness to defendants." *Boozer* at ¶ 32, citing *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.* (1995), 73 Ohio St.3d 391, 397, 653 N.E.2d 235.  Based on *Boozer*, we conclude that the savings statute does not apply to Windsor House's Court of Claims complaint because Windsor House had not yet failed otherwise than upon the merits in the court of common pleas when it filed in the Court of Claims.

*Id*.  Numerous courts interpreting Ohio Rev. Code § 2305.19(a) have reached the same conclusion. *See Sampson v. Sisters of Mercy of Willard, Ohio*, 2016 WL 660917 at * 3 (N.D. Ohio Feb. 18, 2016); *GLA Water Mgt. Co v. Univ. of Toledo*, 2011 WL 4090426 at * 3 (Ohio App. 10th Dist. Sept. 15, 2011); *In re JMG*, 2013 WL 3327565 at * 5 (Ohio App. 8th Dist. June 27, 2013); *Nye v. University of Toledo*, 2013 WL 2444635 at * 5 (Ohio App. 10th Dist. June 4, 2013); *Stern v. Felmet*, 2008 WL

11455049 at * 5-6 (S.D. Ohio May 2, 2008); *Boozer v. University of Cincinnati School of Law*, 2006 WL 1431402 at * 7-8 (Ohio App. 10th Dist. May 25, 2006); *Partin v. Ohio Dep't of Transportation*, 814 N.E.2d 551, 554 (Ohio App. 10th Dist. 2004).

Here, the record reflects that Plaintiff filed his Complaint in the instant action on November 22, 2021.  At that time, his state court action regarding the 2008 Land Rover (Cuyahoga County Court of Common Pleas Case No. CV 20 93639) was still pending.  As discussed above, the record reflects that Plaintiff did not file his Notice of Dismissal in his state court action until November 24, 2021 and that it was entered by the state trial court on November 30, 2021.  Thus, pursuant to the state court authority cited above, the savings statute does not apply because Plaintiff did not file the instant action within one year *after* his failure "otherwise than upon the merits" in his state court action.  *See Boozer*, 2006 WL 1431402 at * 6 ("Appellant filed her *Boozer III* complaint on July 21, 2004, nine days before the Hamilton County Court of Common Pleas dismissed *Boozer II*.  Thus, appellant did not file her claims in *Boozer III* within one year after her failure otherwise than upon the merits in *Boozer II,* and the saving statute is accordingly inapplicable"). Stated differently, the savings statute is inapplicable because Plaintiff had not yet failed otherwise than upon the merits in his state court case when he filed the instant action.  *See Windsor House, Inc.*, 2010 WL 323269 at * 4 (holding that "the savings statute does not apply to Windsor House's Court of Claims complaint because Windsor House had not yet failed otherwise than upon the merits in the court of common pleas when it filed in the Court of Claims"); *Sampson*, 2016 WL 660917 at * 3 (same).

Accordingly, and for all the reasons set forth above, the Court finds that Plaintiff's § 1983 claims are untimely under the standard accrual rule and, further, that they are not saved by Ohio's Saving Statute, Ohio Rev. Code § 2305.19(a).  The Court also finds, however, that Plaintiff's § 1983

claims are timely under the discovery rule. As noted above, the Sixth Circuit has not yet determined whether courts should apply the standard accrual rule or the discovery rule in computing the statute of limitations in § 1983 actions. Because this Court finds, *infra*, that Plaintiff's federal claims fail on the merits, the Court need not decide this issue.

**2.      State Law Claim under Ohio Rev. Code Chapter 4112**

The City of Cleveland Defendants also argue that "[t]o the extent Plaintiff has stated a [state law] claim under O.R.C. 4112, it too has a two-year statute of limitations barring any such claim." (Doc. No. 48 at p. 4) (citing Ohio Rev. Code § 4112.051(C)(2)). The Court finds that it need not reach this argument because the Court does not construe the First Amended Complaint as asserting an identifiable claim under Ohio Rev. Code Chapter 4112.

Count Three of the First Amended Complaint sets forth Plaintiff's state law claims. This Count, in its entirety, provides as follows:

**THIRD CAUSE OF ACTION**

(Violation of the State of Ohio Civil Right Act and § 2737 of the Ohio Revised Code.)

51.      Plaintiffs re-allege and incorporate herein by reference each and every allegation and paragraph set forth previously.

52.      Defendants conducts violates the State of law claims under Ohio Article 2 § 16 of the Ohio Constitutions and § 2737 of the Ohio Revised Code.

(Doc. No. 27 at p.10) (reproduced as in original). Although Plaintiff summarily references the "Ohio Civil Right[s] Act" in the caption of this Count, he fails to identify either the factual basis of this claim or the specific Ohio statute on which this Count is purportedly based. Indeed, the body of Count Three fails to even mention Ohio's Civil Rights Act (Ohio Rev. Code Chapter 4112) and instead references Article 2, § 16 of the Ohio Constitution, which relates to "Bills to be signed by

governor; veto" and is patently inapplicable herein.  Moreover, Plaintiff has not responded to the City of Cleveland Defendants' Motion for Summary Judgment and, thus, has not provided any further explanation, articulation, or evidence in support of any purported claim under the "Ohio Civil Right[s] Act."

Thus, the Court finds that Plaintiff's First Amended Complaint does not sufficiently allege a claim under Ohio Rev. Code Chapter 4112.  The Court, therefore, need not (and does not) reach the City of Cleveland Defendants' statute of limitations argument with respect to this purported state law claim.

### B.     Merits of Plaintiff's Federal Claims

Because the Court has found that Plaintiff's § 1983 claims are not time-barred under the discovery rule, the Court will, out of an abundance of caution, proceed to address the City of Cleveland's arguments regarding the merits of Plaintiff's § 1983 claims.

 The City of Cleveland Defendants argue that they are entitled to summary judgment in their favor on the merits of Plaintiff's federal claims for several reasons.  First, Defendants Donegan, Smith, and Combs argue that they are entitled to qualified immunity with respect to Plaintiff's individual capacity § 1983 claims because "Plaintiff has not pled any facts and adduced none which would establish that each officer's actions violate a clearly established constitutional right."[8]  (Doc. No. 48 at p. 12.)  Second, to the extent the First Amended Complaint could be construed as asserting a *Monell* claim, the City of Cleveland argues that it is entitled to summary judgment in its favor because Plaintiff fails to allege or adduce any facts supporting such a claim.  (*Id*. at pp. 10-12.)

_____

[8] The Court notes that the Officer Defendants asserted qualified immunity as an affirmative defense in their Answers to the First Amended Complaint.  (Doc. No. 28 at p. 5; Doc. No. 46 at p. 5.)

22

Finally, the City of Cleveland Defendants argue that they are entitled to judgment in their favor on all of Plaintiff's federal claims because "Plaintiff's entire complaint is premised upon the flawed claim that it was unlawful for the City to tow and impound his vehicle for having an expired registration (plates)." (*Id*. at p. 5.)

The Court will address these arguments in turn, below.

### 1. Qualified Immunity

In his First Amended Complaint, Plaintiff alleges takings, due process, and retaliation claims under § 1983 against Sergeant Donegan, Officer Combs, and Officer Smith in their individual capacities. (Doc. No. 27 at ¶¶ 21, 41-50, 53-58.) To maintain a § 1983 claim, a plaintiff must establish that he was deprived of a right secured by the Constitution or the laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet Cty. Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). Here, there is no dispute that Sergeant Donegan, Officer Combs, and Officer Smith (hereinafter "the Officer Defendants") acted under color of state law. As such, the only remaining question is whether Plaintiff was deprived of a right secured by the Constitution or the laws of the United States.

However, "[p]olice officers are immune from civil liability unless, in the course of performing their discretionary functions, they violate the plaintiff's clearly established constitutional rights." *Mullins v. Cyranek*, 805 F.3d 760, 765 (6th Cir. 2015). To determine whether an officer is entitled to qualified immunity, courts "apply a well-established two-prong test: (1) whether the facts, when taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a constitutional right; and (2) whether the right violated was clearly established such that a reasonable

official would understand that what he is doing violates that right." *Id*. These steps may be addressed in any order, and the defendant officer need only prevail on one of them to be granted qualified immunity. *See Coffey v. Carroll*, 933 F.3d 577, 584 (6th Cir. 2019); *Maben v. Thelen*, 887 F.3d 252, 269 (6th Cir. 2018).

### a. Takings Claim

In Count Four, Plaintiff alleges that the Officer Defendants violated his rights under the Takings Clause of the Fifth and Fourteenth Amendment when they towed and impounded his 2008 Land Rover. (Doc. No. 27 at ¶¶ 53-54.)

The Fifth Amendment Takings Clause provides that no "private property [shall] be taken for public use, without just compensation." U.S. Const., Amend. V. Courts in this Circuit have found that the towing and impoundment of a vehicle for violation of municipal ordinances does not constitute a taking "for public use," for purposes of the Fifth Amendment. *See e.g., Brite Financial Services, LLC v. Bobby's Towing Service, LLC*, 461 F.Supp.3d 549, 558 (E.D. Mich. 2020) (finding that plaintiffs could not sustain a takings claim under the Fifth Amendment because "the towing of plaintiffs' vehicles was not for public use"); *Jones-Bey v. Conrad*, 2017 WL 693284 at * 4 (W.D. Ky Feb. 21, 2017) (same); *Olivier v. Hicks*, 2018 WL 2729252 at * 6 (M.D. Tenn. May 14, 2018) (finding that the plaintiff could not sustain a takings claim because the "[City] did not take [plaintiff's] property pursuant to the power of eminent domain, but merely towed and stored the vehicles ... The vehicles were neither taken for public use nor for the purpose of transferring them to [private parties]."), *report and recommendation adopted by* 2018 WL 2722441 (M.D. Tenn. June 6, 2018).

As one district court recently explained:

While the public use requirement is construed broadly, *see Kelo v. City of New London*, 545 U.S. 469, 483, 125 S.Ct. 2655, 162 L.Ed.2d 439 (2005), that broad

24

construction, does not extend the scope of the Fifth Amendment to the towing and storage of vehicles pursuant to Michigan's towing laws. The Supreme Court has held that "[t]he government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain." *Bennis v. Michigan*, 516 U.S. 442, 452, 116 S. Ct. 994, 134 L.Ed.2d 68 (1996). Courts applying *Bennis* have found that the towing and subsequent storage of vehicles does not constitute a public use. *See Tate v. Dist. of Columbia*, 627 F.3d 904, 909 (D.C. Cir. 2010) (the impoundment and sale of plaintiff's vehicle did not "constitute a taking for public use for which she was entitled to compensation under the Fifth Amendment's Taking Clause."); *Olivier v. Hicks*, No. 17--01300, 2018 WL 2729252, at *6 (M.D. Tenn. May 14, 2018) ("[City] did not take [plaintiff's] property pursuant to the power of eminent domain, but merely towed and stored the vehicles ... [t]he vehicles were neither taken for public use nor for the purpose of transferring them to [private parties]. It is therefore apparent that [plaintiff] cannot sustain a [Fifth Amendment] claim."); *Mateos-Sandoval v. Cty. of Sonoma*, 942 F. Supp. 2d 890, 911 (N.D. Cal. 2013).

*Brite Financial Services, LLC*, 461 F.Supp.3d at 558. *See also Talbert v. City of Philadelphia,* 2018 WL 10498199 at fn 2 (E.D. Pa. April 25, 2018); *Missud v. California,* 2013 WL 450391 at *4 (N.D. Cal. Feb. 5, 2013) ("Towing cars that have accumulated an excessive number of parking tickets is an exercise of police power, and not a taking for public purposes within the meaning of the Takings Clause."), *aff'd*, 538 Fed. Appx 809 (9th Cir. 2013); *Deligiannis v. City of Anaheim*, 2010 WL 1444538 (C.D. Cal. Mar. 2, 2010) *report and recommendation adopted*, 2010 WL 1444535 (C.D. Cal. Apr. 3, 2010) *aff'd,* 471 Fed. Appx 603 (9th Cir.2012).

Here, the Officer Defendants have come forward with evidence that Plaintiff's 2008 Land Rover was towed because it had expired plates/registration and was parked on a public street.  (Doc. No. 48-1 at ¶ 3; Doc. No. 28-2 at PageID# 207.)  City of Cleveland Ordinance § 435.09(e) provides, in relevant part, that: "No person shall park or operate any vehicle upon any public street or highway upon which are displayed any license plates for any period of time which has expired."  In addition, City of Cleveland Ordinance § 405.02(d) authorizes police officers to provide for the removal of a

vehicle "[w]hen any vehicle is parked on any street or other public property and displays illegal plates or fails to display the current lawfully required license plates."

Notably, Plaintiff has not argued, or directed this Court's attention to any evidence, that his Land Rover's plates/registration were not, in fact, expired when it was towed on October 27, 2019.[9] Nor has Plaintiff argued that the City of Cleveland Ordinances noted above are otherwise inapplicable.  Accordingly, and in the absence of any evidence or argument to the contrary, the Court finds that Plaintiff's Land Rover was parked on a public street with expired plates and that his Land Rover was therefore properly towed and impounded. As such, the Court further finds that Defendants' towing and storing of Plaintiff's Land Rover was a lawful acquisition of property by means other than the invocation of eminent domain.

Accordingly, Plaintiff has failed to demonstrate that the Officer Defendants violated his constitutional rights under the Takings Clause of the Fifth Amendment when they towed and impounded his 2008 Land Rover.  The Officers Defendants are entitled to qualified immunity with respect to this claim.

### b.  Procedural Due Process Claim

In Count One of the First Amended Complaint, Plaintiff asserts a § 1983 claim for violation of his due process rights under the Fourteenth Amendment to the United States Constitution based on the City of Cleveland Defendants' alleged failure to provide "actual notice of charge and

---

[9] While not raised by Plaintiff, the Court notes that Plaintiff has averred that "his Vehicle registration was not scheduled to expire until October 26, 2020." (Doc. No. 3-1 at ¶ 10.)  However, the certified BMV records produced by the City of Cleveland Defendants show that the registration for Plaintiff's Land Rover expired on October 26, 2019.  (Doc. No. 28-2 at PageID# 207.)  As discussed *supra,* the documentary evidence shows that Plaintiff's Land Rover was towed on October 27, 2019. (Doc. No. 28-3 at PageID#s 221, 223, 226.) Certified BMV records show that the registration for Plaintiff's Land Rover was not renewed until the following day, on October 28, 2019.  (Doc. No. 28-2 at PageID# 205.) Thus, the Court finds that there is no genuine issue of material fact that the registration for Plaintiff's Land Rover was, in fact, expired when it was towed on October 27, 2019.

opportunity for plaintiff to answer" prior to the towing and impoundment of his Land Rover.  (Doc. No. 27 at ¶¶ 41-47.)   The Court construes this Count as asserting a procedural (as opposed to substantive) due process claim.

The Fourteenth Amendment prohibits the state from depriving any person of property without due process of law.  U.S. Const., Amend. XIV § 1.  To establish a procedural-due-process violation under § 1983, Plaintiff is required to demonstrate that (1) he had a property interest protected by the Due Process clause, (2) he was deprived of that protected interest within the meaning of the Due Process clause, and (3) the City of Cleveland did not afford adequate procedural rights before depriving him of his protected interest.  *See Med. Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999)).  In *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Supreme Court instructed courts to determine what process is due by weighing several factors:

> [1] The private interest that will be affected by the official action; [2] the risk of an erroneous deprivation[;] ... [3] the probable value, if any, of additional or substitute procedural safeguards; and [4] the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Shoemaker v. City of Howell*, 795 F.3d 553 (6th Cir. 2015) (citing *Mathews*, 424 U.S. at 335).

Generally, when the state "seeks to terminate [a protected] interest ..., it must afford 'notice and opportunity for hearing appropriate to the nature of the case' before the termination becomes effective." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs*., 640 F.3d 716, 729 (6th Cir. 2011) (quoting *Bell v. Burson*, 402 U.S. 535, 542 (1971)).  "Under certain circumstances, however, a state may satisfy due process without providing notice or an opportunity to be heard before the deprivation." *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014).  That is because

"pre-deprivation process is only required in cases where pre-deprivation process is feasible." *Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999).

In the context of vehicles that have been towed and impounded pursuant to the exercise of a municipality's police powers, for example, the Sixth Circuit has found that "pre-seizure hearings are not constitutionally mandated, as long as interested persons receive notice and a timely post-seizure opportunity to be heard prior to forfeiture." *Ross v. Duggan*, 402 F.3d 575, 583-584 (6th Cir. 2004). *See also Nichols v. Wayne County, Michigan,* 822 Fed. Appx. 445, 449 (6th Cir. 2020) (noting that, while the seizure of a home or other real property requires a pre-deprivation hearing, "the seizure of a vehicle does not," as long as the government provides the owner with notice and a timely post-seizure hearing prior to forfeiture); *Wagner v. Umpleby*, 149 F.3d 1185 (Table), 1998 WL 385914 at *2 (6th Cir. July 2, 1998) ("[I]mpoundments of automobiles do not require a pre-deprivation hearing because such process is not feasible."); *Davis v. Nice*, 2012 WL 3961236 at * 5 (N.D. Ohio Sept. 10, 2012) (same); *Jones-Bey v. Conrad,* 2017 WL 693284 at * 4 (W.D. Ky. Feb. 21, 2017) (same); *Collins v. Muskegon County Sheriff's Dep't*, 2007 WL 426586 at * 8 (W.D. Mich. Feb. 1, 2007) (same).

Here, Plaintiff's Land Rover was towed on October 27, 2019 pursuant to City of Cleveland Ordinance § 405.02(d) because it displayed an expired registration. The Officer Defendants have provided evidence that, "shortly after" the Land Rover's arrival at the Vehicle Impound Unit, Plaintiff was informed that "the vehicle could be released to him after a ticket was issued and he paid the fine for the expired plates/registration and the tow and impound fees." (Doc. No. 48-1 at ¶¶ 4, 5.) Plaintiff was also informed that "the City could issue him a ticket for the expired registration that he could then go and dispute in court." (*Id*. at ¶ 6.) He was told that, if he prevailed in court, the court "could order a release of the vehicle without having to pay a fine for the expired plates/registration, without

having to pay for the tow, and/or without having to pay any impound or storage fees." (*Id*.)  Finally, Plaintiff was advised that a failure to retrieve his towed vehicle by December 5, 2019 "would lead to sale and/or disposition of the vehicle according to law."  (*Id.* at ¶ 8.)  In addition to being verbally apprised of this information, the Officer Defendants have introduced documentary evidence that a letter containing information regarding the impoundment of his Land Rover was delivered to Plaintiff via certified mail on November 20, 2019.  (Doc. No. 28-3 at PageID#s 224, 225, 227.)

Although not cited by either party, the Court notes that the information provided to Plaintiff is consistent with City of Cleveland Ordinances.  Specifically, Ordinance § 405.05 (entitled "Redemption of Impounded Vehicles; Bond; Hearing; Trial") provides, in relevant part, as follows:

> (a)  The owner or other person lawfully entitled to possession of an impounded vehicle shall have the following three (3) options with respect to such vehicle:
>
> (1)  The owner or other person lawfully entitled to possession of such vehicle shall pay a towing charge of twenty-five dollars ($25.00) for an ordinary tow or thirty-five dollars ($35.00) for a dolly tow, all outstanding fines for violating provisions of this Traffic Code, and a storage fee of three dollars ($3.00) for each day or part thereof the vehicle is impounded after the first twenty-four (24) hours. Upon such payment, the vehicle shall be released.
>
> (2)  The owner or other person lawfully entitled to possession of such vehicle shall furnish a bond in an amount as set by rule of the Municipal Court. Such bond shall be upon condition that such owner or other person appear in the Municipal Court to answer the violation which caused the vehicle to be impounded. The date for such appearance shall be scheduled when the bond is posted. Upon the posting of such bond, the vehicle shall be released.
>
> (3)  The owner or other person lawfully entitled to possession of such vehicle shall request a probable cause hearing. The hearing shall take place on the day after such owner or other person has given written notice to the Cleveland Police Division Vehicle Impound Unit of his or her intention to challenge the towing. If, however, such day is a Saturday, Sunday or legal holiday, the hearing will be held on the next day which is not a Saturday, Sunday or legal holiday.
>
> The hearing shall be held before a judge in the Municipal Court. The scope of the hearing shall be confined to the issue of whether there was probable cause to believe

the vehicle was parked in violation of law at the time of towing. The Court shall receive into evidence the Police Division's dispatch card on the vehicle or the traffic citation or notice which led to the impoundment of the vehicle. *** The owner or other person lawfully entitled to possession of the vehicle may offer evidence at the conclusion of the City's case, which may be followed by rebuttal. The hearing shall be conducted under the rules of evidence prevailing in criminal trials generally. Upon conclusion of all the evidence, the Court shall do one (1) of the following:

> A.  Find that there was no probable cause to believe that the vehicle was parked in violation of law at the time of towing, in which case the vehicle shall be released without charge.

> B.  Find that there was probable cause to believe that the vehicle was parked in violation of law at the time of towing, in which case the vehicle shall be held pending trial on the traffic citation. The trial on the merits of the traffic citation shall be scheduled upon a finding of probable cause. However, the owner or other person lawfully entitled to possession of the vehicle may furnish a bond as provided in subsection (a)(2) hereof, and claim the vehicle pending trial.

> (b)  If at the trial on the merits of the traffic citation, the Court finds the defendant not guilty, the vehicle, if impounded, shall be released without charge. If the Court finds the defendant guilty, the Court shall, in addition to court costs and any sentence on the traffic citation, impose a fine consisting of the impounding fee and towing fee established by Section 405.04. The fine comprised of the impounding fee, the towing fee and the storage fee is mandatory, and the Court shall not suspend any part of such fine. Upon the payment of all of the foregoing sums, the vehicle shall be released.

City of Cleveland Ordinance § 405.05.

Plaintiff has not responded to Defendants' Motion for Summary Judgment and, thus, has not articulated or otherwise explained why or how he believes the above post-deprivation process fails to comport with due process. Nor has Plaintiff come forward with any evidence that he was not accurately apprised of the above information, either verbally at the Vehicle Impound Unit or via the certified letter delivered on November 20, 2019.

Accordingly, and in the absence of any meaningful argument or evidence to the contrary, the Court finds that Plaintiff has failed to demonstrate that the Officer Defendants violated his procedural

30

due process rights under the Fourteenth Amendment when they towed and impounded his 2008 Land Rover. The Officers Defendants are entitled to qualified immunity with respect to this claim.

### c.     Retaliation Claim

In Count Two of the First Amended Complaint, Plaintiff alleges that the Officer Defendants engaged in "unlawful retaliation" due to their "unwarranted 24 hours monitoring of Plaintiff's residence and subsequent seizure of Plaintiff's 2008 Land Rover during pending legal action between the parties in [Cuyahoga County Court of Common Pleas] Case No. CV-18-901606." (Doc. No. 27 at ¶ 50.) The Court liberally construes this claim as asserting a First Amendment retaliation claim pursuant to § 1983.

A First Amendment retaliation claim has three elements: (1) the plaintiff engaged in protected conduct (i.e., constitutionally protected speech); (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). *See also DeCrane v. Eckart*, 12 F. 4th 586, 593 (6th Cir. 2021). The plaintiff bears the burden of proving all three elements. *See King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012).

Regarding the third element (i.e., causation), a plaintiff must show both (1) that the adverse action was proximately caused by an individual defendant's acts, and (2) that the individual taking those acts was "motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." *Thaddeus–X*, 175 F.3d at 386. *See also King*, 680 F.3d at 695; *Paterek v. Village of Armada, Michigan*, 801 F.3d 630, 646 (6th Cir. 2015). "The true object of this inquiry is

to determine whether the plaintiff has been retaliated against as a direct result of his or her protected speech." *Paterek*, 801 F.3d at 646.

Here, even assuming *arguendo* that the first two elements are met, the Court finds that Plaintiff has failed to carry his burden of demonstrating causation.  Specifically, Plaintiff has not directed this Court's attention to any evidence demonstrating that the decision of Officers Smith and Combs to tow his Land Rover was "motivated in substantial part by a desire to punish [him] for the exercise of a constitutional right." *Thaddeus-X*, 175 F.3d at 386.  Plaintiff has not introduced any deposition testimony or documentary evidence indicating that any of the Officer Defendants were aware that Plaintiff had previously filed a lawsuit against the City of Cleveland for the towing and impoundment of his vehicles.  Nor has he introduced any evidence that the Officer Defendants were instructed or encouraged to tow and impound his Land Rover to punish him for the exercise of his First Amendment rights.  In sum, Plaintiff has not produced any evidence in support of the third element of his retaliation claim.

Accordingly, and in the absence of any meaningful argument or evidence to the contrary, the Court finds that Plaintiff has failed to demonstrate that the Officer Defendants retaliated against him for the exercise of his First Amendment rights when they towed and impounded his 2008 Land Rover. The Officer Defendants are entitled to qualified immunity with respect to this claim.

For all the reasons set forth above, therefore, the Court finds that the Officer Defendants are entitled to qualified immunity with respect to all of Plaintiff's individual capacity claims under § 1983.

### 2.  *Monell* Claims

Plaintiff also purports to allege claims under § 1983 against the Defendant City of Cleveland. Specifically, in the First Amended Complaint, Plaintiff alleges generally that "Defendant City of Cleveland is a Municipal Corporation Organized and existing under the laws of the State of Ohio as a local government and [has] been sued in its Official capacity pursuant to its unconstitutional practices and Custom of deprivation of rights, failure to properly train and supervise the negligent action of its employees … to follow the City Parking Ordinance and U.S. Constitution while acting under the Color of State Law with respect to the rights of property owner."  (Doc. No. 27 at ¶ 20) (reproduced as in original).  Plaintiff further alleges that the City of Cleveland "failed to ensure that its Law enforcement action is not 'arbitrary, capricious, an abuse of its authorities, or otherwise not in accordance with law,' 'contrary to constitutional right, power, privilege, or immunity,' or 'in excess of statutory jurisdiction, authority, or limitations or short of statutory right.'" (*Id*. at ¶ 40.)

In *Monell v. Dep't of Soc. Services of City of New York*, the Supreme Court held that § 1983 "imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights." 436 U.S. 658, 692 (1978).  However, "[t]here can be no liability under *Monell* without an underlying constitutional violation."  *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014); *accord France v. Lucas*, 836 F.3d 612, 631 (6th Cir. 2016).  Because the Court has found that the Officer Defendants are entitled to summary judgment and that no underlying constitutional violation occurred, the City of Cleveland is entitled to summary judgment on Plaintiff's *Monell* claims.[10]  *See also Shanaberg v. Licking County, Ohio*, 936 F.3d 453, 457 (6th Cir. 2019)

---

[10] For this same reason, the Officer Defendants are also entitled to summary judgment on each of Plaintiff's § 1983 official capacity claims.  *See Kraemer v. Luttrell*, 189 Fed. Appx. 361, 366 (6th Cir. 2006) ("Suing a municipal officer in his official capacity for a constitutional violation pursuant to 42 U.S.C. § 1983 is the same as suing the municipality itself, and thus a successful suit against a municipal officer in his official capacity must meet the requirements for municipal liability stated in [*Monell*].")

(noting that "there can be no link between a policy and a constitutional violation when there is no violation to begin with.")

### 3.    Conclusion regarding Plaintiff's federal claims

Accordingly, and for all the reasons set forth above, the Court finds that the City of Cleveland Defendants are entitled to summary judgment in their favor with respect to Plaintiff's § 1983 claims, i.e., Counts One, Two, Four and Five.

### C.    State Claim (Count Three)

In Count Three of the First Amended Complaint, Plaintiff alleges claims for "violation of the State of Ohio Civil Rights Act and § 2737 of the Ohio Revised Code." (Doc. No. 27 at p. 10.)  As discussed *supra*, the Court has already found that the First Amended Complaint does not assert an identifiable claim under the "Ohio Civil Rights Act."  Thus, the only remaining state law claim is Plaintiff's claim for replevin under Ohio Rev. Code Chapter 2737.

The City of Cleveland Defendants argue that they are entitled to summary judgment in their favor with respect to this claim because "the most critical element of such a claim requires the unlawful possession of another's property." (Doc. No. 48 at p. 6) (emphasis in original).  Defendants assert that Plaintiff's replevin claim fails because "the impoundment and tow of plaintiff's vehicle and the continued possession of it by the City is lawful because at the time of the tow, Plaintiff's vehicle displayed expired plates and had an expired registration." (*Id*. at p. 7.)  The City of Cleveland Defendants further assert that Plaintiff has failed to either pay the outstanding fees and fines associated or post a bond for the same, as required by applicable City of Cleveland Ordinances. (*Id*.)

The Court agrees with the City of Cleveland Defendants.  Ohio courts have explained that "[a]n action in replevin is founded upon an unlawful detention" of personal property. *Jedlicka v.*

34

*Good Mechanical Auto Co.*, 486 N.E.2d 121, syllabus (Ohio App. 8th Dist. 1984). *See also State ex rel. Jividian v. Toledo Police Dept.,* 679 N.E.2d 34, 35 (Ohio App. 6th Dist. 1996) ("A writ of replevin enforces a legal right of immediate possession of specific property, which is granted to one who has a right to that immediate possession against another who is holding the property wrongfully or unlawfully.") As one Ohio appellate court recently explained:

> Replevin is a statutorily-created means to obtain personal property that one has the right to possess. *See Walther v. Cent. Trust Co., N.A.*, 70 Ohio App.3d 26, 31-32, 590 N.E.2d 375 (2d Dist.1990). It is based on the existence of an unlawful detention, and its purpose is the return of the property to the rightful possessor. Replevin can be utilized even if the original taking was not wrongful. Overview, Oh. Consumer L. § 19:82. Put another way, replevin has two elements: (1) the plaintiff is the owner of the property, and (2) plaintiff is entitled to possession of the property. Walther at 32, 590 N.E.2d 375; see generally R.C. Chap. 2737.

*Peterson v. Booth*, --- N.E.3d ---, 2023 WL 3033319 at * 3 (Ohio App. 2nd Dist. April 21, 2023).

Here, Plaintiff has not argued or introduced any evidence that he is currently entitled to possession of the 2008 Land Rover. Plaintiff has not argued or demonstrated that his registration was not, in fact, expired on October 27, 2019, the date that his Land Rover was towed. Nor has he argued or demonstrated that he has paid the applicable fines and costs associated with his Land Rover in accordance with the relevant City of Cleveland Ordinances.

Accordingly, and in the absence of any meaningful argument to the contrary, the Court finds that the City of Cleveland Defendants are entitled to summary judgment in their favor with respect to Plaintiff's claim for replevin.[11]

---

[11] Having found that the City of Cleveland Defendants are entitled to summary judgment in their favor with respect to Plaintiff's federal and state claims for the reasons set forth *supra*, the Court need not address the City of Cleveland Defendants' additional arguments that (1) Plaintiff's First Amended Complaint should be dismissed for failing to meet the pleading standards set forth in *Twombly* and *Iqbal*; (2) Defendants are entitled to state law immunity; and (3) Plaintiff's punitive damages claims fail as a matter of law.

**V.      Conclusion**

For all the reasons set forth above, the Motion of Defendants City of Cleveland, John Combs,

John Smith, and Michael Donegan for Summary Judgment (Doc. No. 48) is GRANTED.

**IT IS SO ORDERED.**


Dated:  July 7, 2023                              *s/Pamela A. Barker*
                                                  PAMELA A. BARKER
                                                  UNITED STATES DISTRICT JUDGE