IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Michael A. Oko,** | Case No. 1:21cv2222 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| **City of Cleveland, et al.,** | MEMORANDUM OPINION & ORDER |
| Defendants | |

Currently pending is *pro se* Plaintiff Michael Oko's "First Motion for Reconsideration under Fed. R. Civ. P. 59(A) & Rule 59(E)," in which Plaintiff seeks reconsideration of this Court's June 21, 2023 Memorandum Opinion & Order granting Defendant Interstate Towing & Transportation's Motion to Dismiss. (Doc. No. 68.) Defendant Interstate Towing & Transportation filed a Brief in Opposition on July 22, 2023. (Doc. No. 70.) Plaintiff did not file a Reply. For the following reasons, Plaintiff's First Motion for Reconsideration (Doc. No. 68) is DENIED.

I.      **Relevant Background**

   A.      **Factual Allegations**

Plaintiff alleged the following facts. In retaliation for a previous lawsuit filed by Plaintiff against the City of Cleveland,[1] the City and its "Agents" placed Plaintiff under "an unwarranted surveillance" at his home, located at 675 East 160th Street, Cleveland, Ohio. (Doc. No. 27 at ¶ 23.)

---

[1] In August 2018, Plaintiff filed a *pro se* Complaint against the City of Cleveland in the Cuyahoga County Court of Common Pleas for the allegedly unlawful towing and impoundment of his 2002 Honda Odyssey and 2003 Honda Accord. *See Oko v. Cleveland Division of Police*, Case No. CV 18 901604 (Cuy. Cty. Cmn. Pl. Ct.) (Doc. No. 1). The docket in that case reflects that the state trial court granted summary judgment in the City of Cleveland's favor and the state appellate court affirmed. *Id*. at docket sheet. *See also Oko v. Cleveland Division of Police,* 2021 WL 3781141 (Ohio App. 8th Dist. Aug. 26, 2021). Case: 1:21-cv-02222-PAB Doc #: 65 Filed: 06/21/23 1 of 12. PageID #: 432

On the morning of October 23, 2019, Cleveland Police Officer John Combs ("Officer Combs") placed a Notice of Abandoned Vehicle on Plaintiff's 2008 Land Rover, which was parked at Plaintiff's residence. (*Id*. at ¶ 27.) The following day, Plaintiff went to the Cleveland Fifth District Police Department to speak with the duty sergeant about the "mistaken assertion" that his 2008 Land Rover was abandoned. (*Id*. at ¶ 28.) Plaintiff spoke to an unidentified duty officer ("Officer Jane Doe") and presented his driver's license and proof of residence. (*Id*. at ¶ 29.) Officer Jane Doe instructed Plaintiff to disregard the Notice and stated that she would notify the City's field officers that the Land Rover was not, in fact, abandoned. (*Id.* at ¶¶ 29, 30.)

Two days later, on October 26, 2019, Officer Combs and Cleveland Police Officer John Smith ("Officer Smith"), "in a concerted action," directed a third-party private towing company, Interstate Towing and Transport Specialist, Inc.[2] ("Interstate Towing"), to tow Plaintiff's Land Rover and its belongings from Plaintiff's residence to the Vehicle Impound Unit located at 3040 Quigley Road in Cleveland, Ohio. (*Id*. at ¶ 31.) According to Plaintiff, Interstate Towing "is a non-governmental entity in contract with the City to seized [sic] people['s] property and to convert this property pursuant to a confidential contractual agreement for economic benefits that include but [are] not limited to private sales of Automobile[s]." (*Id*. at ¶ 22.)

Plaintiff alleged that the City of Cleveland "operates and facilitate[s]" the Vehicle Impound Unit and that Cleveland Police Sergeant Michael Donegan ("Sergeant Donegan") supervises that Unit. (*Id*. at ¶¶ 12, 33.) Plaintiff approached Officer Donegan and asked him to identify the offense for which his vehicle was taken. (*Id*. at ¶ 34.) Plaintiff also requested that his vehicle be immediately

---

[2] Defendant Interstate Towing and Transport Specialist, Inc. states that it was improperly named in the First Amended Complaint as "Interstate Towing & Transport Inc." *See* Doc. No. 55.

2

released. (*Id*.) Officer Donegan advised Plaintiff that the Land Rover was towed for a parking violation based on an expired registration tag. (*Id*.) He also allegedly told Plaintiff that "no formal charges or citation was filed in any court unless Plaintiff first paid the full cost of the tow and storage fee to the towing company and the City before a formal minor misdemeanor charge may be file in the City Municipal Court." (*Id*. at ¶ 35) (as in original). Officer Donegan denied Plaintiff's request for the return of his vehicle or a citation/court date to challenge the allegedly unlawful tow. (*Id*. at ¶ 37.)

Plaintiff alleged that City of Cleveland Parking Ordinance Sections 451.02 through 459.12 require law enforcement officers to "strictly adhere[] to the practices of writing a parking ticket and affixing said tickets to the windshield of vehicle to satisfy due process because it constitutes service reasonably certain to provide Notice of violation." (*Id*. at ¶ 10.) Plaintiff further alleged that "[i]n the absence of infraction ticket, there is no parking violation and the seizure of property is unlawful." (*Id*. at ¶ 11.) Plaintiff claims that:

> The Defendants while acting under the color of State law individually and in a concerted action failed to follow the City Ordinance and the United States Constitution and laws of the State of Ohio in violation of Plaintiffs Rights to enjoy the beneficial use of his property. Defendants failed to charge Plaintiff with any offense and opportunity to defend the charge prior to deprivation and thereafter.

(*Id*. at ¶ 13) (spelling, punctuation, and grammar as in original.) Plaintiff claimed that he had suffered (and continued to suffer) harm resulting from the impoundment of his vehicle, including but not limited to social, physical, and economic hardship. (*Id*. at ¶ 38.)

**B.    Procedural History**

On November 22, 2021, Plaintiff filed a *pro se* Complaint in this Court against the City of Cleveland and Cleveland Police Officers Donegan, Combs, and "John Doe," alleging various federal

and state claims arising out of the towing and impoundment of his 2008 Land Rover. (Doc. No. 1.) Plaintiff subsequently filed a First Amended Complaint on August 8, 2022, in which he added Officer Smith and Interstate Towing and Transport Specialist, Inc. as Defendants. (Doc. No. 27.) In his First Amended Complaint, Plaintiff alleges claims for: (1) violation of his rights under the Fourteenth Amendment to the U.S. Constitution pursuant to 42 U.S.C. § 1983 (Count One); (2) unlawful retaliation pursuant to 42 U.S.C. § 1983 (Count Two); (3) violation of the "Ohio Civil Rights Act" and Ohio Rev. Code Chapter 2737 (Count Three); (4) unlawful taking of his property without just cause in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution (Count Four); and (5) "bad faith and malicious government action" in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution (Count Five). (*Id*. at pp. 9-11.)

Defendants City of Cleveland, Officers Combs and Smith, and Sergeant Donegan (hereinafter referred to collectively as "the City of Cleveland Defendants") filed Answers to Plaintiff's First Amended Complaint on August 23, 2022 and February 14, 2023. (Doc. Nos. 28, 46.) The City of Cleveland Defendants later filed a Motion for Summary Judgment (Doc. No. 48),[3] which this Court granted on July 7, 2023 (Doc. No. 66.)

---

[3] Plaintiff was granted an extension until April 25, 2023 to file a Brief in Opposition to the City of Cleveland Defendants' Motion, but failed to do so. Instead, on June 14, 2023, Plaintiff filed a "Notice," in which he indicated that he was "unavoidably prevented" from meeting the dispositive motion deadline in this matter due to an unspecified "emergency medical condition." (Doc. No. 64.) Plaintiff asserted this was good cause for an extension of time and stated that "full and comprehensive pleadings in response to his adversarial party's pleadings will be filed by no later than June 17, 2023." (*Id*.) On June 15, 2023, the Court issued an Order directing Plaintiff to submit documentation or other proof regarding his emergency medical condition by no later than June 22, 2023. *See* Non-Doc Order dated June 15, 2023. Plaintiff failed to submit any documentation or other proof by that date. Plaintiff also failed to submit any response to the City of Cleveland Defendants' Motion for Summary Judgment by June 17, 2023. Accordingly, the Court denied Plaintiff's request for an extension of time to respond to the City of Cleveland Defendants' Motion and proceeded to rule on Defendants' Motion as unopposed.

Meanwhile, on March 3, 2023, Interstate Towing filed a Motion to Dismiss with Prejudice pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 55.) Plaintiff filed a *pro se* Brief in Opposition on April 4, 2023, to which Interstate Towing replied on April 10, 2023. (Doc. Nos. 62, 63.)

On June 21, 2023, this Court issued a Memorandum Opinion & Order granting Interstate Towing's Motion to Dismiss. (Doc. No. 65.) Therein, the Court determined that Plaintiff failed to state a plausible claim for relief against Interstate Towing, explaining as follows:

> Plaintiff's First Amended Complaint, on its face, contains insufficient factual allegations to support either a Due Process, Takings, state "civil rights," "bad faith," and/or replevin claim against Interstate Towing. The only specific allegations against this particular Defendant are that (1) Interstate Towing is "in contract with the City to seize[] people['s] property and to convert this property pursuant to a confidential contractual agreement for economic benefits that include but [are] not limited to private sales of Automobile;" and that (2) Interstate Towing was directed by Officers Smith and Combs to tow Plaintiff's Vehicle and its belongings from his residence to the City of Cleveland Vehicle Impound. (Doc. No. 27 at ¶¶ 22, 31.) Even accepting these allegations as true for purposes of the instant Motion, however, Plaintiff fails to explain how the First Amended Complaint states a plausible claim for relief against Interstate Towing.
>
> Notably, Plaintiff does not allege that Interstate Towing determined (or had any involvement in the determination) that his 2008 Land Rover was an "abandoned vehicle" and/or that it was in violation of City of Cleveland Ordinances for having an expired tag. Nor does Plaintiff allege that Interstate Towing made the decision to tow his 2008 Land Rover to the City of Cleveland's Vehicle Impound Lot. To the contrary, in the First Amended Complaint, Plaintiff expressly alleges that it was *Officer Combs* that placed a "Notice of Abandoned Vehicle" on Plaintiff's Land Rover; that it was *Officers Combs and Smith* that failed to follow certain City of Cleveland "parking violation ordinances" with respect to that vehicle; and that it was *Officers Combs and Smith* that "directed" Interstate Towing to tow the Land Rover to the Vehicle Impound Lot. (Doc. No. 27 at ¶¶ 27, 31, 32.) Finally, Plaintiff also fails to allege, at any point in the First Amended Complaint, that Interstate Towing is currently in possession of his Land Rover or that it sold his Land Rover for "economic benefit."
>
> Plaintiff makes no attempt to explain how, in the absence of any such allegations, the First Amended Complaint pleads sufficient factual content to state a plausible claim against Interstate Towing under the federal Takings or Due Process clauses, state "civil rights" law, and/or Ohio's replevin statutes. Even assuming *arguendo* that the First Amended Complaint sufficiently pleads that Interstate Towing was acting under

5

color of state law when it towed Plaintiff's vehicle, Plaintiff fails to argue or explain how any of the factual allegations in the First Amended Complaint sufficiently plead that *Interstate Towing* (as opposed to the City of Cleveland Defendants) violated his federal due process rights and/or engaged in an unlawful "taking" of his property. Finally, Plaintiff makes no attempt to explain (and this Court is not convinced) that the First Amended Complaint pleads any factual allegations sufficient to state a plausible claim that Interstate Towing violated Plaintiff's rights under either Ohio's "Civil Rights Act" or replevin statutes.

(*Id*. at pp. 7-9) (emphasis in original) (footnotes omitted).

The Court then considered and rejected Plaintiff's argument that the First Amended Complaint pleads sufficient facts to state a conspiracy claim. (*Id*. at p. 9.) The Court first concluded that, on its face, the First Amended Complaint does not contain a federal and/or state civil conspiracy claim against Interstate Towing, noting that the word "conspiracy" does not appear anywhere in that pleading. (*Id.* at pp. 9-10.) The Court then found that "even assuming *arguendo* that the First Amended Complaint could be liberally construed as including a civil conspiracy claim, the Court would find that it contains insufficient factual allegations to support such a claim, under either federal or state law." (*Id*. at p. 10.) The Court explained:

> Here, as noted above, the First Amended Complaint does not contain a separate count for civil conspiracy. The only arguable references to a conspiracy are the First Amended Complaint's allegations that: (1) "Defendants" engaged "in a concerted action" to fail to follow municipal, state, and federal law "in violation of Plaintiff's Rights to enjoy the beneficial use of his property;" and (2) Interstate Towing had a contractual agreement with the City of Cleveland pursuant to which it "participat[ed] in an unlawful deprivation of [Plaintiff's] property." (Doc. No. 27 at ¶¶ 13, 14, 22, 31.) These allegations, however, are vague and consist primarily of legal conclusions. The Court need not accept these legal conclusions as true and declines to do so here. *See Heyne*, 655 F.3d at 564 ("Legal conclusions that are 'masquerading as factual allegations' will not suffice.") (quoting *Terry v. Tyson Farms, Inc*., 604 F.3d 272, 276 (6th Cir.2010) (quoting *Tam Travel, Inc. v. Delta Airlines, Inc*., 583 F.3d 896, 903 (6th Cir.2009)). Moreover, the mere allegation that Interstate Towing had a contractual relationship with the City and towed Plaintiff's vehicle is insufficient, standing alone, to allege an agreement or common design to violate Plaintiff's rights, under either federal or state law.

> In sum, whether construed as a federal or state law conspiracy claim, the Court finds that Plaintiff's allegations are vague, conclusory, and unsupported by material facts. As such, to the extent the First Amended Complaint could be construed as alleging a civil conspiracy claim against Interstate Towing, the Court finds that it fails to sufficiently allege such a claim under either federal or state law.

(*Id*. at pp. 11-12.) Thus, the Court granted Interstate Towing's Motion to Dismiss. (*Id*.)

On July 20, 2023, Plaintiff filed the instant "First Motion for Reconsideration under Fed. R. Civ. P. 59(A) and R. 59(E)." (Doc. No. 68.) Interstate Towing filed a Brief in Opposition on July 22, 2023 (Doc. No. 70), to which Plaintiff did not reply.

## II.     Standard of Review

A court may grant a motion to amend or alter judgment under Fed. R. Civ. P. 59(e) if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See Brumley v. United Parcel Service, Inc*., 909 F.3d 834, 841 (6th Cir. 2018); *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio,* 930 F. Supp. 1182, 1184 (N.D. Ohio 1996).[4] *See also Brumley*, 909 F.3d at 841.

---

[4] *See also Gascho v. Global Fitness Holdings, LLC*, 918 F.Supp.2d 708, 715 (S.D. Ohio Jan. 16, 2013) ("A motion for reconsideration or to alter or amend is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion."); 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, Federal Practice and Procedure, § 2810.1 (2d ed. 1995) (motions to alter or amend judgment cannot be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment.").

Motions to alter or amend under Rule 59 are extraordinary and should be sparingly granted. *See Cequent Trailer Products, Inc. v. Intradin (Shanghai) Machinery Co., Ltd*., 2007 WL 1362457 at * 2 (N.D. Ohio May 7, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc*., 904 F. Supp. 644, 669 (N.D. Ohio 1995).

### III.    Analysis

Plaintiff argues that reconsideration is warranted under Fed. R. Civ. P. 59(e) for several reasons. (Doc. No. 68.) Plaintiff first asserts that, in granting Interstate Towing's Motion to Dismiss, this Court committed a "manifest error of law" by failing to apply a liberal construction to Plaintiff's *pro se* First Amended Complaint and, instead, applying "a stringent and formalized standard of review." (*Id*.)  Plaintiff next argues that, construed liberally, the First Amended Complaint sufficiently pleads that Interstate Town is liable as an "equal participant in the deprivation of Plaintiff's rights" because it acted as a "unit" with the City of Cleveland when it towed his 2008 Land Rover. (*Id*. at p. 4.) Lastly, Plaintiff argues that the Court erred in dismissing the First Amended Complaint with prejudice without providing either an "exceptional reason in support" or an explanation of why Plaintiff should not be granted leave to amend.[5] (*Id.* at p. 5.)

Interstate Towing argues that Plaintiff's Motion should be denied as untimely under Fed. R. Civ. P. 59(e). (Doc. No. 70.) Specifically, Interstate Towing maintains that Plaintiff "did not properly calculate the time to file his motion and is one (1) day past the twenty-eight (28) day deadline." (*Id*. at p. 3.) Interstate Towing further asserts that Plaintiff fails to identify any specific errors in the

---

[5] In support of his Motion, Plaintiff attaches a Declaration in which he avers that he was "grounded" because of an unspecified medical condition and under the care of a physician until July 17, 2023. (Doc. No. 68-1.) Plaintiff further avers that he did not become aware of this Court's June 21, 2023 Opinion until he was released from medical care on July 17, 2023. (*Id*.)

8

Court's June 21, 2023 Opinion and, therefore, has not established any manifest errors of law. (*Id.*) Plaintiff did not file a response to Interstate Towing's Brief in Opposition.

The Court first addresses the timeliness of Plaintiff's Motion. Under Rule 59(e), a party must file his motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 6(b)(2) expressly prohibits extensions to Rule 59(e)'s deadline. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule . . . 59(e) . . .") *See also, e.g., Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (noting that the time to move to alter or amend a judgment "is short" and "with no possibility of an extension"); *Hunter v. United States*, 792 Fed. Appx 370, 371 (6th Cir. 2019) (quoting Fed. R. Civ. P. 59(e)).

"The district court lacks the authority to enlarge the time period" to file a motion to alter or amend judgment under Rule 59(e). *U.S. v. Conley*, 2021 WL 4060374 at *2 (N.D. Ohio Sept. 7, 2021) (citing *Banister,* 140 S. Ct. at 1703). *See also Keith v. Bobby*, 618 F.3d 594, 598 (6th Cir. 2010) (finding that Rule 6(b)(2) prohibits equitable tolling of the filing deadline in Rule 59(e)). The Sixth Circuit, and district courts therein, routinely enforce Rule 59(e)'s mandatory filing period, including against *pro se* litigants. *See, e.g., Ross v. Teleperformance USA Inc.*, 2015 WL 13933132 (6th Cir. Dec. 21, 2015) (affirming denial of Rule 59(e) motion as untimely where *pro se* plaintiff filed the motion four days late). *See also Conley*, 2021 WL 4060374 at *1; *Erickson v. Renfro*, 2015 WL 5475988 at * 2 (E.D. Ky. Sept. 10, 2015); *Curry v. City of Mansfield*, 2012 WL 3025177 (N.D. Ohio July 24, 2012).

For the following reasons, the Court finds that Plaintiff's Motion to Reconsider under Rule 59(e) is untimely. As noted above, Rule 59(e) requires that a motion to alter or amend a judgment be filed no later than 28 days "after the entry of the judgment." Fed. R. Civ. P. 59(e). The Sixth Circuit

has "interpreted the term 'judgment' to refer to a judgment or a final order." *Keith*, 618 F.3d at 597–98 (citing *CGH Transp., Inc. v. Quebecor World, Inc.,* 261 Fed. Appx. 817, 823 n.10 (6th Cir. 2008)). "As mandated by the language of Rule 59(e), a court must look to the date upon which the final order or judgment was entered to determine whether a Rule 59(e) motion is timely." *Id*. at 598. *See also Erickson*, 2015 WL 5475988 at * 2.

Here, the docket clearly reflects that this Court issued its Memorandum Opinion & Order granting Interstate Towing's Motion to Dismiss on June 21, 2023.[6] (Doc. No. 65.) The Court's Opinion constitutes a "final order or judgment" and, thus, the 28-day deadline for filing a Rule 59(e) motion ran from June 21, 2023. *See Keith*, 618 F.3d at 598. Twenty-eight days from June 21, 2023 is July 19, 2023. Plaintiff failed to file his Motion until July 20, 2023. Thus, Plaintiff's Motion is one day late and untimely under Rule 59(e).

The Court notes that, in a Declaration attached to his Motion, Plaintiff avers that he was "grounded" because of an unspecified medical condition and released from medical care on July 17, 2023. (Doc. No. 68-1.) Plaintiff avers that he did not receive this Court's Opinion granting Interstate Towing's Motion to Dismiss until he received his mail on July 17, 2023. (*Id*.) Plaintiff claims that he had "no previous knowledge of this ruling[]" until July 17, 2023. (*Id*.) Plaintiff does not reference his Declaration (or otherwise discuss the issue of timeliness) at any point in his Motion. Nor did he file a reply to Interstate Towing's Brief in Opposition, which expressly argues that Plaintiff's Motion

---

[6] In his Motion, Plaintiff states that this Court's Opinion was issued on June 22, 2023 (as opposed to June 21, 2023). (Doc. No. 68 at p. 1.) Plaintiff is mistaken. The Opinion itself is dated June 21, 2023 (Doc. No. 65 at p. 12) and the docket clearly reflects that it was filed on June 21, 2023.

10

is untimely.  Nonetheless, giving Plaintiff every benefit of the doubt, the Court will construe his *pro se* filings as arguing that the Court should extend the 28- day filing deadline due to his alleged illness.[7]

The Court rejects this argument. As discussed above, Rule 6(b)(2) expressly prohibits extensions to Rule 59(e)'s 28-day filing deadline. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule . . . 59(e) . . .")   Construing this Rule, the Sixth Circuit has held that "the time for filing a Rule 59(e) motion 'may not be enlarged under any circumstances.'" *Visconi v. United States Government*, 2017 WL 5664911 at * 1 (6th Cir. May 22, 2017) (quoting *Keith,* 618 F.3d at 599.)  The Sixth Circuit has also expressly held that Rule 6(b)(2) prohibits the equitable tolling of Rule 59(e)'s filing deadline.  *Keith*, 618 F.3d at 598.  *See also Ross*, 2015 WL 13933132 at * 1 (affirming denial of Rule 59(e) motion as untimely despite fact that the *pro se* plaintiff argued she believed, in good faith, that she had three additional days for service under Rule 6(d)).

In sum, the Court lacks the authority to extend Rule 59(e)'s 28-day filing deadline for any reason, including Plaintiff's alleged illness and/or *pro se* status.  Accordingly, the Court finds that Plaintiff's Rule 59(e) motion is untimely.

This does not end the inquiry, however.  When a party fails to file a Rule 59 motion within the mandatory 28-day period, a court may consider the motion as one requesting relief from judgment pursuant to Rule 60(b).[8]  *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998); *Crehan v. Maiden Lane*, 2015 WL 13927066 at * 2 (6th Cir. April 17, 2015); *Conley*, 2021 WL

---

[7] The Court notes Plaintiff has not submitted any documentation or other proof regarding the nature and/or timing of his alleged medical condition, even though this Court previously provided him the opportunity to do so.  *See* Non-Doc Order dated June 15, 2023.

[8] Interstate Towing fails to acknowledge or address the fact that, although untimely, Plaintiff's Motion may be considered as seeking relief under Rule 60(b).

11

4060374 at *2; *Atwood v. UC Health*, 2020 WL 11028613 at * 1 (S.D. Ohio Jan. 3, 2020). The standard for granting a Rule 60(b) motion, however, is notably higher than the standard for granting a Rule 59(e) motion. *See, e.g., Conley*, 2021 WL 4060374 at *2; *Allen v. Stark State College*, 2019 WL 4918671 at * 4 (N.D. Ohio Oct. 4, 2019); *Lemons v. Watkins*, 2017 WL 4810708 at * 1 (N.D. Ohio Oct. 24, 2017); *Board of Trustees of Toledo Roofers Local No. 134 Pension Plan v. Enterprise Roofing & Sheet Metal Co.*, 2014 WL 988851 at * 2 (N.D. Ohio March 13, 2014).

> Fed. R. Civ. P. 60(b) provides as follows:
>
> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Before a court may grant a motion under Rule 60(b), "a party must establish that the facts of [his] case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *United States v. Rohner*, 634 Fed. Appx 495, 506 (6th Cir. 2015) (quoting *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004)). "Application of Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'"

*Id.* (quoting *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014)). "Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). In addition, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler,* 749 F.3d at 509.

Here, Plaintiff does not address Rule 60(b) in his Motion and, thus, does not identify any specific section of that Rule which he believes applies. It is clear to this Court that Rules 60(b)(2), (3), (4) or (5) do not apply under the circumstances presented. Plaintiff's *pro se* Motion could be liberally construed, however, to assert "mistake" under Rule 60(b)(1). According to the Sixth Circuit, Rule 60(b)(1) permits relief "when the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Penney v. United States*, 870 F.3d 459, 461 (6th Cir. 2017) (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)). *See also Kemp v. United States,* 142 S. Ct. 1856, 1862 (2022) ("The ordinary meaning of the term 'mistake' in Rule 60(b)(1) includes a judge's legal errors."); *Miller v. United States*, 2023 WL 6130301 at * 1 (6th Cir. Aug. 9, 2023) (same).

Plaintiff maintains that this Court erred because it (1) failed to liberally construe his *pro se* First Amended Complaint; (2) improperly determined that the First Amended Complaint failed to sufficiently plead a claim against Interstate Towing; and (3) improperly dismissed his claims against Interstate Towing with prejudice without granting him leave to amend. (Doc. No. 68.) For the following reasons, the Court finds that Plaintiff has failed to demonstrate that relief is warranted under Rule 60(b)(1).

First, the Court rejects Plaintiff's argument that the Court failed to apply a liberal construction to his *pro se* First Amended Complaint. In its June 21, 2023 Memorandum Opinion & Order, the

Court acknowledged from the outset that Plaintiff was proceeding *pro se*. (Doc. No. 65 at p. 1.) Notably, the Court expressly stated that, even liberally construing the First Amended Complaint as including a civil conspiracy claim, the Court would find that it contains insufficient factual allegations to support such a claim. (*Id*. at p. 10.) The Court then proceeded to discuss the elements of a civil conspiracy claim under both federal and state law and thoroughly and carefully explained why Plaintiff's allegations were insufficient to state a claim. On its face, the Court's June 21, 2023 Opinion makes clear that the Court applied a liberal construction to Plaintiff's *pro se* pleadings.

The Court also rejects Plaintiff's argument that this Court erred in determining that the First Amended Complaint failed to sufficiently plead a claim against Interstate Towing. Plaintiff does not identify any specific error in the Court's reasoning or point to any legal authority that contradicts the Court's conclusions. Rather, Plaintiff seeks to relitigate the issue of whether the First Amended Complaint sufficiently pleads a claim against Interstate Towing. Rule 60(b), however, "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler*, 749 F.3d at 509. Put another way, "Rule 60(b) is not a vehicle to give the losing litigant a second bite at the apple." *Kline v. Mortg. Elec. Registration Sys., Inc*., 704 Fed. Appx 451, 466 (6th Cir. 2017). *See also Shulman v. Amazon.com.kydc, LLC*, 2018 WL 11514990 at * 2 (E.D. Ky. March 26, 2018) (same); *Bryant v. Allied Universal Security Services*, 2019 WL 6317319 at * 2 (N.D. Ohio Nov. 26, 2019) ("Like Rule 59(e), Rule 60(b) does not permit parties to relitigate the merits of a claim or to raise new arguments that could have been raised in the initial complaint."). Plaintiff's arguments regarding the sufficiency of the First Amended Complaint are nothing more than an attempt to reargue the merits of Interstate Towing's Motion to Dismiss. This is not appropriate under Rule 60(b).

Lastly, the Court rejects Plaintiff's argument that this Court erred in dismissing the First Amended Complaint with prejudice.[9] The Sixth Circuit has held that "if a party does not file a motion to amend or a proposed amended complaint, it is not an abuse of discretion for the district court to dismiss the claims with prejudice." *Crosby v. Twitter, Inc.*, 921 F.3d 617, 627–28 (6th Cir. 2019) (quoting *CNH Am. LLC v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. (UAW)*, 645 F.3d 785, 795 (6th Cir. 2011)). *See also Golf Village North, LLC v. City of Powell, Ohio*, 14 F. 4th 611, 624 (6th Cir. 2021). Here, Plaintiff did not request leave to amend, either in his Brief in Opposition to Interstate Towing's Motion to Dismiss (Doc. No. 62) or via separate motion. Nor has he provided this Court with a proposed second amended complaint or otherwise explained what additional factual allegations or legal theories he would include in such an amendment. Under these circumstances, the Court rejects Plaintiff's argument that this Court erred in dismissing his claims against Interstate Towing with prejudice.

Accordingly, and for all the reasons set forth above, the Court finds that Plaintiff has not demonstrated that he is entitled to relief under Rule 60(b)(1). Nor has he argued (or demonstrated) that he is entitled relief under any other section of Rule 60(b).[10]

---

[9] In its Motion to Dismiss, Interstate Towing expressly sought dismissal with prejudice. (Doc. No. 55.) The Court's June 21, 2023 Opinion granting Interstate Towing's Motion was silent regarding whether dismissal was with or without prejudice. (Doc. No. 65.) However, "under Federal Rule of Civil Procedure 41(b), a dismissal under Rule 12(b)(6) 'operates as an adjudication on the merits' unless the 'dismissal order states otherwise.' And 'an adjudication on the merits' is synonymous with a dismissal with prejudice." *Crone-Shierloh v. Hammock*, 2013 WL 12123903 at * 3 (S.D. Ohio May 22, 2013) (citing *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)). "Thus, a dismissal under Rule 12(b)(6) generally operates as a dismissal with prejudice, unless the district court in its discretion finds that the circumstances warrant otherwise." *Id*. *See also Marek v. Navient Corp.*, 2016 WL 11264709 at fn 7 (N.D. Ohio Dec. 6, 2016) (same), *adopted by*, 2017 WL 32943 (N.D. Ohio Jan. 4, 2017); *Moore v. Central Ohio Drug Enforcement Task Force*, 2018 WL 1173041 at * 3 (S.D. Ohio March 6, 2018) ("[A] dismissal order pursuant to Rule 12(b)(6) that fails to state that it is without prejudice or that it is not on the merits is automatically categorized as a dismissal with prejudice or on the merits."), *adopted by* 2018 WL 1966153 (S.D. Ohio April 26, 2018).

[10] Even if the Court were to consider Plaintiff's Motion under Rule 59(e), it would find it to be without merit. For all the reasons set forth above, Plaintiff has not demonstrated that he is entitled to relief under Rule 59(e) because he has not

**IV. Conclusion**

For all the reasons set forth above, Plaintiff Michael Oko's First Motion for Reconsideration (Doc. No. 68) is DENIED.

**IT IS SO ORDERED.**

Dated: September 28, 2023                    *s/Pamela A. Barker*
                                             PAMELA A. BARKER
                                             UNITED STATES DISTRICT JUDGE

---

shown either "a clear error of law" or any that reconsideration is warranted "to prevent manifest injustice." *Brumley*, 909 F.3d at 841.