## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Michael A. Oko,                                    Case No. 1:21cv2222

                           Plaintiff,

       -vs-                                       JUDGE PAMELA A. BARKER

City of Cleveland, et al.,

                               MEMORANDUM OPINION & ORDER
                 Defendants

Currently pending is *pro se* Plaintiff Michael Oko's "Second Motion for Reconsideration under Fed. R. Civ. P. 59(A) & Rule 59(E)," in which Plaintiff seeks reconsideration of this Court's July 7, 2023 Memorandum Opinion & Order granting the Motion of Defendants City of Cleveland, John Combs, John Smith, and Michael Donegan (hereinafter "the City of Cleveland Defendants") for Summary Judgment.  (Doc. No. 71.)  The City of Cleveland Defendants filed a Brief in Opposition on August 22, 2023.  (Doc. No. 72.)  Plaintiff did not file a Reply.  Also pending is the City of Cleveland Defendants' Motion for Attorney's Fees.  (Doc. No. 69.)  Plaintiff did not file a response.

For the following reasons, Plaintiff's Second Motion for Reconsideration (Doc. No. 71) is DENIED.  The City of Cleveland Defendants' Motion for Attorneys' Fees (Doc. No. 69) is also DENIED.

## I.    Relevant Background

### A.    Facts

Plaintiff Michael Oko ("Plaintiff" or "Oko") resides on East 160th Street in Cleveland, Ohio and is the owner of a 2008 Land Rover, VIN# SALAE25478A448683.  (Decl. of Michael Oko (Doc. No. 3-1) at ¶¶ 1, 2; Doc. No. 28-2 at PageID#s 205-214; Doc. No. 28-3 at PageID# 227.)  According

to certified Ohio Bureau of Motor Vehicle ("BMV") records, the registration for Plaintiff's 2008 Land Rover expired on October 26, 2019.  (Affidavit of M. Donegan dated August 22, 2022 (Doc. No. 28-1) at ¶ 4; Doc. No. 28-2 at PageID#s 203, 204, 207.)

On the morning of October 23, 2019, Cleveland Police Officer John Combs ("Officer Combs") placed a Notice of Abandoned Vehicle on Plaintiff's 2008 Land Rover, which was parked on the street outside Plaintiff's residence.  (Doc. No. 3-1 at ¶ 6.)  The following day, Plaintiff went to the Cleveland Fifth District Police Department to speak with the duty sergeant about the "mistaken assertion" that his 2008 Land Rover was abandoned.  (*Id.* at ¶ 7.)  According to Plaintiff, he spoke to an unidentified duty officer and "was assured that the vehicle will not be towed based upon the new information of ownership provided by plaintiff." (*Id.*)

Nonetheless, Plaintiff's Land Rover was towed on October 27, 2019.  (Declaration of M. Donegan (Doc. No. 48-1) at ¶ 3.)  Specifically, Cleveland Police Officers Combs and John Smith ("Officer Smith") directed a third-party private towing company, Interstate Towing and Transport Specialist, Inc. ("Interstate Towing"), to tow Plaintiff's Land Rover and its belongings from Plaintiff's residence to the City of Cleveland Vehicle Impound Unit located at 3040 Quigley Road in Cleveland, Ohio (hereinafter "Vehicle Impound Unit").  (Doc. No. 3-1 at ¶ 8; Doc. No. 27 at ¶ 31.)  *See also* Doc. No. 28-3 at PageID# 221, 223, 226.

Cleveland Police Sergeant Michael Donegan ("Sergeant Donegan") is employed at the Vehicle Impound Unit.  (Doc. No. 48-1 at ¶ 1.)  At some point after Plaintiff's Land Rover arrived at the Vehicle Impound Unit,[1] Plaintiff approached Officer Donegan and asked him to identify the

---

[1] Sergeant Donegan avers that Plaintiff appeared at the Vehicle Impound Lot and inquired about his 2008 Land Rover "shortly after its arrival at the impound lot." (Doc. No. 48-1 at ¶ 4.) In his First Amended Complaint, Plaintiff alleges that his conversation with Sergeant Donegan occurred on October 27, 2021. (Doc. No. 27 at ¶ 34.) Plaintiff, however, has not

offense for which his vehicle was towed and to immediately release his vehicle.  *See* Doc. No. 27 at ¶ 34; Doc. No. 3-1 at ¶ 9.  Plaintiff was informed that his Land Rover was towed for a parking violation based on an expired registration tag.  (Doc. No. 48-1 at ¶ 4-6; Doc. No. 3-1 at ¶ 10.)  Sergeant Donegan avers that Plaintiff was further informed as follows:

> 5. Mr. Oko was informed at that time that the vehicle could be released to him after a ticket was issued and he paid the fine for the expired plates/registration and the tow and impound fees.

> 6. Alternatively, he was told that the City could issue him a ticket for the expired registration that he could then go and dispute in court. He was also informed that if he prevailed in court, it could order a release of the vehicle without having to pay a fine for the expired plates/registration, without having to pay for the tow, and/or without having to pay any impound or storage fees.

> 7. Mr. Oko was cautioned that if he challenged the matter in court and lost, he could be ordered to pay Court costs and additional storage fees that would accumulate each day the vehicle was in storage before he paid all potential fees.

> 8. Mr. Oko was also told that a failure to retrieve the towed vehicle by December 5, 2019, would lead to sale and/or disposition of the vehicle according to law. ***

(Doc. No. 48-1 at ¶¶ 5-8.) The City of Cleveland served a letter on Plaintiff via certified mail on November 20, 2019 containing information regarding the impoundment of his Land Rover.  (Doc. No. 28-3 at PageID#s 224, 225, 227.)

According to Sergeant Donegan, Plaintiff left the Vehicle Impound Unit "without informing the officer what he wanted to do and, thus, [he] was not issued a ticket at that time." (Doc. No. 48-1 at ¶ 9.) Sergeant Donegan further avers (and Plaintiff does not contest) that Plaintiff "has never returned to the vehicle impound unit and made an election as to how he wished to proceed so that a ticket could be issued since the tow of his vehicle." (*Id.*)

---

submitted any affidavits or other documentary proof that he spoke with Sergeant Donegan at the Vehicle Impound Unit about his Land Rover on October 27, 2021, i.e., two full years after his Land Rover was towed.

Instead, on August 25, 2020, Plaintiff filed a *pro se* "Complaint for Possession & Money Damage Claim" against the City of Cleveland in the Cuyahoga County Court of Common Pleas, asserting claims arising out the towing and impoundment of his 2008 Land Rover. *See Oko v. City of Cleveland*, Case No. CV 20 936399 (Cuy. Cty. Ct. Cmn. Pl.)  Plaintiff alleged that his Land Rover was unlawfully towed and claimed that Defendants deprived him "of the beneficial use of the automobile and the ownership right under Ohio Replevin Law . . . in bad faith and malicious retaliation against the Plaintiff's exercise of constitutional right to seek court review."[2] *Id*. at Complaint, p. 3.  On November 24, 2021, Plaintiff filed a Notice of Dismissal of his state court action. *See* Doc. No. 48-2 at PageID# 367.  The state court docket reflects that the state trial court dismissed Plaintiff's state court case on November 30, 2021.  *See Oko v. City of Cleveland*, Case No. CV 20 936399 (Cuy. Cty. Ct. Cmn. Pl.) (docket sheet).

## B.    Procedural History

Meanwhile, on November 22, 2021, Plaintiff filed a *pro se* Complaint in this Court against the City of Cleveland and Cleveland Police Officers Donegan, Combs, and "John Doe," alleging various federal and state claims arising out of the towing and impoundment of his 2008 Land Rover. (Doc. No. 1.)  On that same date, Plaintiff filed a Motion to Proceed *in Forma Pauperis* "(IFP"), in which he averred that he was unemployed, had no monthly income, and owned no assets.  (Doc. No.

---

[2] Specifically, Plaintiff claimed that the City of Cleveland placed him under an "unwanted surveillance" in retaliation for his filing of a lawsuit against the City of Cleveland in August 2018 in the Cuyahoga County Court of Common Pleas for the allegedly unlawful towing and impoundment of his 2002 Honda Odyssey and 2003 Honda Accord. *See Oko v. Cleveland Division of Police*, Case No. CV 18 901604 (Cuy. Cty. Cmn. Pl. Ct.) (Doc. No. 1). The docket in that case reflects that the state trial court granted summary judgment in the City of Cleveland's favor on September 14, 2020. Id. at docket sheet. Plaintiff appealed, and the state appellate court affirmed on August 26, 2021. *See Oko v. Cleveland Division of Police*, 2021 WL 3781141 (Ohio App. 8th Dist. Aug. 26, 2021).

4

2.)  The Plaintiff's Complaint survived initial review under 28 U.S.C. § 1915(e)[3] and the Court granted Plaintiff's Motion to Proceed IFP.  (Doc. No. 5.)

On January 11, 2022, Plaintiff filed a Motion for Injunctive Relief, in which he sought a permanent injunction restraining Defendants from selling, auctioning and/or disposing of his vehicle and its contents.  (Doc. No. 3.)  On that same date, Plaintiff filed a Motion for Writ of Possession, seeking an order compelling Defendants to immediately return the Land Rover. (Doc. No. 4.)

The docket reflects the Complaint was served on the City of Cleveland on February 11, 2022. (Doc. No. 8.) After receiving an extension of time, Defendants City of Cleveland and Officer Donegan filed an Answer on March 31, 2022. (Doc. No. 9.) These Defendants thereafter filed a combined Brief in Opposition to Plaintiff's Motions for Injunctive Relief and Writ of Possession, on April 22, 2022. (Doc. No. 10.)  On July 8, 2022, this Court issued an Order denying Plaintiff's Motions for Injunctive Relief and Writ of Possession.   (Doc. No. 18.) A Case Management Conference ("CMC") was conducted on July 20, 2022, at which time various case management deadlines were set.  (Doc. No. 23.)

Plaintiff then filed a First Amended Complaint on August 8, 2022, in which he added Officer Smith and Interstate Towing and Transport Specialist, Inc. as Defendants.  (Doc. No. 27.)  In his First Amended Complaint, Plaintiff alleges claims for: (1) violation of his rights under the Fourteenth Amendment to the U.S. Constitution pursuant to 42 U.S.C. § 1983 (Count One); (2) unlawful retaliation pursuant to 42 U.S.C. § 1983 (Count Two); (3) violation of the "Ohio Civil Rights Act"

---

[3] Pursuant to Section 1915(e), the Court conducts an initial, screening review of complaints filed by *pro se* litigants. Section 1915(e)(2) provides, in relevant part, that:  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- *** (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

5

and Ohio Rev. Code Chapter 2737 (Count Three); (4) unlawful taking of his property without just cause in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution (Count Four); and (5) "bad faith and malicious government action" in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution (Count Five).  (*Id*. at pp. 9-11.)

The City of Cleveland Defendants" filed Answers on August 23, 2022 and February 14, 2023. (Doc. Nos. 28, 46.) The City of Cleveland Defendants thereafter filed a Motion for Summary Judgment as to all of Plaintiff's claims on February 24, 2023. (Doc. No. 48.)  Plaintiff was granted an extension until April 25, 2023 to file a Brief in Opposition, but failed to do so.  (Doc. No. 61.)  Instead, on June 14, 2023, Plaintiff filed a "Notice," in which he indicated that he was "unavoidably prevented" from meeting the dispositive motion deadline in this matter due to an unspecified "emergency medical condition."  (Doc. No. 64.)  Plaintiff asserted this was good cause for an extension of time and stated that "full and comprehensive pleadings in response to his adversarial party's pleadings will be filed by no later than June 17, 2023."  (*Id*.)

On June 15, 2023, the Court issued an Order directing Plaintiff to submit documentation or other proof regarding his emergency medical condition by no later than June 22, 2023.  *See* Non-Doc Order dated June 15, 2023.  Plaintiff failed to submit any documentation or other proof by that date. Nor did Plaintiff submit any response to the City of Cleveland Defendants' Motion for Summary Judgment by June 17, 2023.  Accordingly, the Court denied Plaintiff's request for an extension of time to respond to the City of Cleveland Defendants' Motion and proceeded to rule on Defendants' Motion as unopposed.

On July 7, 2023, the Court issued a lengthy Memorandum Opinion & Order granting the City of Cleveland Defendants' Motion for Summary Judgment.  (Doc. No. 66.)  The Court determined

6

that Officers Donegan, Smith, and Combs were entitled to qualified immunity with respect to Plaintiff's due process, takings, and retaliation claims under 42 U.S.C. § 1983. (*Id*.) The Court also determined that the City of Cleveland was entitled to judgment in its favor with respect to Plaintiff's claims under *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978). (*Id*.) Lastly, the Court concluded that the City of Cleveland Defendants were entitled to judgment in their favor with respect to Plaintiff's state law claims. [4]  (*Id*.)

On July 21, 2023, the City of Cleveland Defendants filed a Motion for Attorneys' Fees. (Doc. No. 69.) Plaintiff did not file a response to this Motion. Rather, on August 7, 2023, Plaintiff filed a "Motion for Reconsideration under Fed. Civ. R. 59(A) & 59(E)." (Doc. No. 71.) The City of Cleveland Defendants filed a Brief in Opposition on August 22, 2023, to which Plaintiff did not reply. (Doc. No. 72.)

## II.      Plaintiff's Motion for Reconsideration (Doc. No. 71)

Plaintiff argues that reconsideration is warranted under Fed. R. Civ. P. 59(e) to "correct a clear error and to prevent manifest injustice." (Doc. No. 71 at p. 1.) Plaintiff first asserts that the City of Cleveland Defendants' Motion for Summary Judgment was improper because it failed to contain either a statement of facts or "supporting reasons." (*Id*.) Plaintiff maintains that Defendants' Motion was conclusory and "made no effort to explain why they are entitled to summary judgment on any of Plaintiff's claims." (*Id*. at p. 2.) Plaintiff next asserts that the City of Cleveland Defendants "committed fraud upon by the Court by their willful presentation of [the] materially false declaration"

---

[4] On March 3, 2023, Defendant Interstate Towing filed a Motion to Dismiss with Prejudice pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 55.) Plaintiff filed a Brief in Opposition on April 4, 2023, to which Interstate Towing replied on April 10, 2023. (Doc. Nos. 62, 63.) On June 21, 2023, this Court issued a Memorandum Opinion & Order granting Interstate Towing's Motion to Dismiss. (Doc. No. 65.) Plaintiff thereafter filed his "First Motion for Reconsideration," which this Court denied on September 28, 2023. (Doc. Nos. 68, 73.)

of Officer Donegan. (*Id.*) Plaintiff claims that Officer "fabricated the facts" regarding his conversation with Plaintiff about the 2008 Land Rover at the Vehicle Impound Lot. (*Id.*) Plaintiff argues that "it was clear error [for the Court] to rely on this materially false evidence to reach reasonable conclusion in favor of summary judgment for the Defendants." (*Id.*)

In response, the City of Cleveland Defendants first argue that Plaintiff's Motion is untimely under Rule 59(e). (Doc. No. 72 at p. 3.) Specifically, Defendants maintain that Plaintiff's Motion was due on Friday, August 4, 2023 (i.e., twenty-eight (28) days after the Court's July 7, 2023 Opinion) but not filed until Monday, August 7, 2023. (*Id.*) Defendants argue that, even assuming Plaintiff's Motion is timely, it should be denied because it "fails to set forth sufficient legal grounds that are supported by admissible evidence for the relief sought." (*Id.*) Defendants particularly object to Plaintiff's claims of fraud upon the Court, noting that Plaintiff fails to offer any evidence in support of such a "wild and libelous accusation." (*Id.*)

A court may grant a motion to amend or alter judgment under Fed. R. Civ. P. 59(e) if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See Brumley v. United Parcel Service, Inc.*, 909 F.3d 834, 841 (6th Cir. 2018); *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio,* 930 F. Supp.

1182, 1184 (N.D. Ohio 1996).[5]  *See also Brumley*, 909 F.3d at 841.  Motions to alter or amend under

Rule 59 are extraordinary and should be sparingly granted.  *See Cequent Trailer Products, Inc. v.*

*Intradin (Shanghai) Machinery Co., Ltd.*, 2007 WL 1362457 at * 2 (N.D. Ohio May 7, 2007); *Plaskon*

*Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

The Court first addresses the timeliness of Plaintiff's Motion.  Under Rule 59(e), a party must

file his motion to alter or amend a judgment "no later than 28 days after the entry of the judgment."

Fed. R. Civ. P. 59(e).  Rule 6(b)(2) expressly prohibits extensions to Rule 59(e)'s deadline.  *See* Fed.

R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule . . . 59(e) . . .")  *See also, e.g.,*

*Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (noting that the time to move to alter or amend a

judgment "is short" and "with no possibility of an extension"); *Hunter v. United States*, 792 Fed.

Appx 370, 371 (6th Cir. 2019) (quoting Fed. R. Civ. P. 59(e)).

"The district court lacks the authority to enlarge the time period" to file a motion to alter or

amend judgment under Rule 59(e).  *U.S. v. Conley*, 2021 WL 4060374 at *2 (N.D. Ohio Sept. 7,

2021) (citing *Banister,* 140 S. Ct. at 1703).  *See also Keith v. Bobby*, 618 F.3d 594, 598 (6th Cir.

2010) (finding that Rule 6(b)(2) prohibits equitable tolling of the filing deadline in Rule 59(e)).  The

Sixth Circuit, and district courts therein, routinely enforce Rule 59(e)'s mandatory filing period,

including against *pro se* litigants.  *See, e.g., Ross v. Teleperformance USA Inc.*, 2015 WL 13933132

(6th Cir. Dec. 21, 2015) (affirming denial of Rule 59(e) motion as untimely where *pro se* plaintiff

---

[5] *See also Gascho v. Global Fitness Holdings, LLC*, 918 F.Supp.2d 708, 715 (S.D. Ohio Jan. 16, 2013) ("A motion for reconsideration or to alter or amend is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion."); 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, Federal Practice and Procedure, § 2810.1 (2d ed. 1995) (motions to alter or amend judgment cannot be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment.").

filed the motion four days late).  *See also Conley*, 2021 WL 4060374 at *1; *Erickson v. Renfro*, 2015 WL 5475988 at * 2 (E.D. Ky. Sept. 10, 2015); *Curry v. City of Mansfield*, 2012 WL 3025177 (N.D. Ohio July 24, 2012).

For the following reasons, the Court finds that Plaintiff's Second Motion to Reconsider under Rule 59(e) is untimely.  As noted above, Rule 59(e) requires that a motion to alter or amend a judgment be filed no later than 28 days "after the entry of the judgment." Fed. R. Civ. P. 59(e).  The Sixth Circuit has "interpreted the term 'judgment' to refer to a judgment or a final order." *Keith*, 618 F.3d at 597–98 (citing *CGH Transp., Inc. v. Quebecor World, Inc.,* 261 Fed. Appx. 817, 823 n.10 (6th Cir. 2008)).  "As mandated by the language of Rule 59(e), a court must look to the date upon which the final order or judgment was entered to determine whether a Rule 59(e) motion is timely." *Id*. at 598.  *See also Erickson*, 2015 WL 5475988 at * 2.

Here, the docket clearly reflects that this Court issued its Memorandum Opinion & Order granting the City of Cleveland Defendants' Motion for Summary Judgment on July 7, 2023.[6]  (Doc. No. 66.)  The Court's Opinion constitutes a "final order or judgment" and, thus, the 28-day deadline for filing a Rule 59(e) motion ran from July 7, 2023.  *See Keith*, 618 F.3d at 598.  Twenty-eight days from July 7, 2023 is Friday, August 4, 2023.  Plaintiff failed to file his Motion until Monday, August 7, 2023.  Thus, Plaintiff's Motion is untimely under Rule 59(e).

The Court notes that, in a Declaration attached to a Motion filed by Plaintiff seeking reconsideration of a different decision of this Court, Plaintiff avers that he was "grounded" because of an unspecified medical condition and released from medical care on July 17, 2023.  (Doc. No. 68-

---

[6] In their Brief in Opposition, the City of Cleveland Defendants incorrectly state that this Court's Opinion was issued on June 7, 2023 (as opposed to July 7, 2023).   (Doc. No. 72 at p. 3.)  The docket clearly reflects that the Court's Summary Judgment Opinion was issued on July 7, 2023. (Doc. No. 66.)

1.)  Plaintiff avers that he did not receive this Court's Opinion granting the City of Cleveland Defendants' Motion for Summary Judgment until he received his mail on July 17, 2023.  (*Id*.) Plaintiff claims that he had "no previous knowledge of this ruling[]" until July 17, 2023.  (*Id*.) Plaintiff did not reference his Declaration (or otherwise discuss the issue of timeliness) at any point in his Second Motion for Reconsideration.  Nor did he file a reply to the City of Cleveland's Brief in Opposition, which expressly includes the argument that Plaintiff's Motion is untimely.  Nonetheless, giving Plaintiff every benefit of the doubt, the Court will construe his *pro se* filings as arguing that the Court should extend the 28- day filing deadline due to his alleged illness.[7]

The Court rejects this argument. As discussed above, Rule 6(b)(2) expressly prohibits extensions to Rule 59(e)'s 28-day filing deadline. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule . . . 59(e) . . .")   Construing this Rule, the Sixth Circuit has held that "the time for filing a Rule 59(e) motion 'may not be enlarged under any circumstances.'" *Visconi v. United States Government*, 2017 WL 5664911 at * 1 (6th Cir. May 22, 2017) (quoting *Keith,* 618 F.3d at 599.)  The Sixth Circuit has also expressly held that Rule 6(b)(2) prohibits the equitable tolling of Rule 59(e)'s filing deadline.  *Keith*, 618 F.3d at 598.  *See also Ross*, 2015 WL 13933132 at * 1 (affirming denial of Rule 59(e) motion as untimely despite fact that the *pro se* plaintiff argued she believed, in good faith, that she had three additional days for service under Rule 6(d)).  In sum, the Court lacks the authority to extend Rule 59(e)'s 28-day filing deadline for any reason, including

---

[7] The Court notes Plaintiff has not submitted any documentation or other proof regarding the nature and/or timing of his alleged medical condition, even though this Court previously provided him the opportunity to do so.  *See* Non-Doc Order dated June 15, 2023.

Plaintiff's alleged illness and/or *pro se* status.  Accordingly, the Court finds that Plaintiff's Rule 59(e) Motion is untimely.

This does not end the inquiry, however.  When a party fails to file a Rule 59 motion within the mandatory 28-day period, a court may consider the motion as one requesting relief from judgment pursuant to Rule 60(b).[8]  *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998); *Crehan v. Maiden Lane*, 2015 WL 13927066 at * 2 (6th Cir. April 17, 2015); *Conley*, 2021 WL 4060374 at *2; *Atwood v. UC Health*, 2020 WL 11028613 at * 1 (S.D. Ohio Jan. 3, 2020).  The standard for granting a Rule 60(b) motion, however, is notably higher than the standard for granting a Rule 59(e) motion.  *See, e.g., Conley*, 2021 WL 4060374 at *2; *Allen v. Stark State College*, 2019 WL 4918671 at * 4 (N.D. Ohio Oct. 4, 2019); *Lemons v. Watkins*, 2017 WL 4810708 at * 1 (N.D. Ohio Oct. 24, 2017); *Board of Trustees of Toledo Roofers Local No. 134 Pension Plan v. Enterprise Roofing & Sheet Metal Co.*, 2014 WL 988851 at * 2 (N.D. Ohio March 13, 2014).

Fed. R. Civ. P. 60(b) provides as follows:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

---

[8] The City of Cleveland Defendants fail to acknowledge or address the fact that, although untimely, Plaintiff's Motion may be considered as seeking relief under Rule 60(b).

12

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Before a court may grant a motion under Rule 60(b), "a party must establish that the facts of [his] case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *United States v. Rohner*, 634 Fed. Appx 495, 506 (6th Cir. 2015) (quoting *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004)). "Application of Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Id*. (quoting *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014)).  "Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence."  *Info-Hold, Inc. v. Sound Merch., Inc*., 538 F.3d 448, 454 (6th Cir. 2008).  In addition, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler,* 749 F.3d at 509.

Here, Plaintiff does not address Rule 60(b) in his Motion and, thus, does not identify any specific section of that Rule which he believes applies.  It is clear to this Court that Rules 60(b)(2), (4) or (5) do not apply under the circumstances presented.  Plaintiff's *pro se* Motion could be liberally construed, however, to assert "mistake" under Rule 60(b)(1) and "fraud" under Rule 60(b)(3).  For the following reasons, the Court finds that Plaintiff is not entitled to relief under either of these provisions.

Rule 60(b)(1) permits relief "when the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Penney v. United States*, 870 F.3d 459, 461 (6th Cir. 2017) (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)).  *See also Kemp v. United States,* 142 S.

13

Ct. 1856, 1862 (2022) ("The ordinary meaning of the term 'mistake' in Rule 60(b)(1) includes a judge's legal errors."); *Miller v. United States*, 2023 WL 6130301 at * 1 (6th Cir. Aug. 9, 2023) (same).  Here, aside from generally disagreeing with the decision to grant summary judgment in the City of Cleveland Defendants' favor, Plaintiff has not identified any specific errors in the Court's reasoning and he has not cited any legal authority that he believes contradicts the Court's ruling. Moreover, Plaintiff's argument that "Defendants made no effort to explain why they are entitled to summary judgment" (Doc. No. 71 at p. 2) is flatly incorrect.  The City of Cleveland Defendants raised numerous, specific arguments in support of their summary judgment Motion, including statute of limitations, qualified immunity, pleading insufficiency, state law immunity, and failure to state a claim under *Monell*.  (Doc. No. 48.)  The City of Cleveland Defendants also argued, at some length, that the impoundment of Plaintiff's vehicle was lawful under applicable Cleveland Codified Ordinances.  (*Id*.)  Defendants supported their Motion with Officer Donegan's Declaration, as well as documentation regarding the towing and impoundment of Plaintiff's Land Rover and the expiration of his license plate.  (*Id*.)  *See also* Doc. No.  48-1.

Plaintiff failed to file a response to the City of Cleveland Defendants' Motion for Summary Judgment.  He cannot now (whether under either Rule 60(b) or Rule 59(e)) raise arguments that he could have raised in response to the City of Cleveland Defendants' Motion but did not.  *See Tyler*, 749 F.3d at 509 (noting that Rule 60(b) "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof."); *Kline v. Mortg. Elec. Registration Sys., Inc*., 704 Fed. Appx 451, 466 (6th Cir. 2017) ("Rule 60(b) is not a vehicle to give the losing litigant a second bite at the apple.")  *See also Bryant v. Allied Universal Security Services*, 2019 WL 6317319 at * 2 (N.D. Ohio Nov. 26, 2019) ("Like Rule 59(e),

14

Rule 60(b) does not permit parties to relitigate the merits of a claim or to raise new arguments that could have been raised in the initial complaint.")  Plaintiff's arguments regarding alleged defects in the City of Cleveland Defendants' Motion and/or the Court's July 7, 2023 Opinion are nothing more than an attempt to reargue the merits of Defendants' Summary Judgment Motion. This is not appropriate.

The Court also finds that Plaintiff has not demonstrated that he is entitled to relief under Rule 60(b)(3).  Under that Rule, a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).  "[T]he party seeking relief under Rule 60(b)(3) bears the burden of showing entitlement to such relief by clear and convincing evidence." *Thurmond v. Wayne Cty. Sheriff Dep't,* 564 Fed. Appx 823, 827 (6th Cir. 2014). Rule 60(b)(3) "requires the moving party to 'show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question.'" *Info-Hold v. Sound Merchandising*, 538 F.3d 448, 455 (6th Cir. 2008) (quoting *Jordan v. Paccar, Inc.*, 1996 WL 528950 at *6 (6th Cir. Sept. 17, 1996)); *see also Thurmond*, 564 Fed. Appx at 827.

In addition, "[t]he sort of 'fraud' with which Rule 60(b)(3) is concerned is conduct by an opposing party or witness during the litigation that 'prevented the moving party from fully and fairly presenting his or her case.'" *Jasper v. Rockensuess*, 2006 WL 2811301 at *2 (E.D. Mich. Sept. 28, 2006) (citations omitted).  Thus, "[o]rdinarily, a movant must show that there was 'misconduct [not] known to the movant before judgment entered,' and 'that the misconduct adversely affected the fairness of the proceedings.'" *Kline v. Mortg. Elec. Registration Sys.*, 2016 WL 3926481 at *3 (S.D.

15

Ohio July 18, 2016) (quoting *Thurmond*, 564 Fed. Appx at 830), *aff'd*, 704 Fed Appx. 451 (6th Cir. 2017).

Here, Plaintiff has failed to submit any evidence – let alone clear and convincing evidence – establishing fraud, misrepresentation, or misconduct by the City of Cleveland Defendants.  Plaintiff merely alleges (without any evidentiary support) that Officer Donegan "fabricated" his Declaration. This does not sustain Plaintiff's burden under Rule 60(b)(3).  The Court further notes that Officer Donegan's Declaration was submitted in support of the City of Cleveland Defendants' Motion for Summary Judgment and was, thus, known to Plaintiff before judgment was entered.  Yet Plaintiff failed to file a Brief in Opposition to the Defendants' Motion or otherwise raise this issue until after judgment was entered.  The Court finds Plaintiff is not entitled to relief under Rule 60(b)(3).

Accordingly, and for all the reasons set forth above, the Court finds that Plaintiff has not demonstrated that he is entitled to relief under Rule 60(b)(1) or (b)(3).  Nor has he argued (or demonstrated) that he is entitled relief under any other section of Rule 60(b).  Lastly, even if the Court were to consider Plaintiff's Motion under Rule 59(e), it would find it to be without merit.  The Court finds, for all the reasons set forth above, that Plaintiff has not demonstrated that he is entitled to relief under Rule 59(e) because he has not shown either "a clear error of law" or any that reconsideration is warranted "to prevent manifest injustice." *Brumley*, 909 F.3d at 841.

## IV.    The City of Cleveland Defendants' Motion for Attorneys' Fees

In their Motion, the City of Cleveland Defendants "seek to recover the attorneys' fees needlessly incurred by them in investigating and defending, preparing briefs, motions, and oppositions in a case that had no evidentiary support whatsoever and one which no serious attempt was made by plaintiff to prosecute and/or investigate his case."  (Doc. No. 69 at p. 1.)  The City of

16

Cleveland Defendants argue that they are entitled to an award of attorneys' fees because Plaintiff's claims "were at all times frivolous, unreasonable, without foundation, or brought in subjective bad faith." (*Id.*) These Defendants assert that "at no time during the pendency of this litigation did Plaintiff adduce or make a serious attempt to marshal any evidence in support of" his claims. (*Id.* at p. 4.) Defendants emphasize that Plaintiff failed to serve any written discovery, take any depositions, or obtain affidavits from proposed witnesses. (*Id.* at pp. 4, 6-7.) Defendants further note that Plaintiff "wholly failed to file any opposition" to Defendants' Summary Judgment Motion and did not support his claim of alleged illness with any supporting documentation.[9] (*Id.* at pp. 3-4, 6.)

The City of Cleveland Defendants seek an award of attorneys' fees in the total amount of $7,875.00. (*Id.* at pp. 8-9.) Defendants argue that this consists of 26.25 hours of time spent by Attorney Michael Pike, multiplied by a reasonable hourly rate of $300/hour. (*Id.*) Defendants support this request with an itemized list of time entries (Doc. No. 69-1), along with a decision from another Judge in this District finding that Attorney Pike's requested hourly rate of $300/hour is reasonable (Doc. No. 69-4.) Defendants emphasize that, in seeking this fee award, they have not sought recovery for: (1) sixteen (16) of the fifty-four (54) time entries in their itemized list; (2) any fees for telephone calls and correspondence between the parties and Attorney Pike's clients; or (3) any fees related to "the identical state court case that preceded this one." (*Id.* at p. 8.)

---

[9] Citing Fed. R. Civ. P. 11, the City of Cleveland Defendants assert that Plaintiff's "failure to come forward with any evidence to support his representations to the Court of an emergency medical condition raises the specter of him making material misrepresentations to the Court in an effort to gain an advantage which the Court should not countenance and absent some evidentiary showing, plaintiff should be sanctioned for as violating his duty of candor to the Court." (Doc. No. 69 at p. 3.) It is not appropriate for the City of Cleveland Defendants to seek sanctions in the context of the instant Motion for Attorneys' Fees and the Court will not consider Defendants' request herein.

Defendants City of Cleveland, Officer Donegan, Officer Smith, and Officer Combs maintain that they are prevailing parties and that they are entitled to an order awarding the full amount of the requested attorneys' fees.  (*Id*.)  In the alternative, Defendants argue that, if the Court determines that not all the claims asserted by Plaintiff were meritless, groundless, and/or frivolous, the Court should "parse out those claims and the fees related solely to those claims and make an appropriate award of fees" pursuant to the Supreme Court's decision in *Fox v. Vice*, 563 U.S. 826 (2011).  (*Id*. at p. 9.)  Lastly, Defendants request a hearing on the issue of all attorneys' fees with the Court.  (*Id*.)

Plaintiff failed to file a response to the City of Cleveland Defendants' Motion.

As the Supreme Court has explained, "[o]ur legal system generally requires each party to bear his own litigation expenses, including attorney's fees, regardless whether he wins or loses."  *Fox v. Vice*, 563 U.S. 826, 832 (2011).  "But Congress has authorized courts to deviate from this background rule in certain types of cases by shifting fees from one party to another." *Id*. One statute authorizing such fee-shifting is 42 U.S.C. § 1988.  That statute provides, in relevant part, as follows:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 12361 of Title 34, **the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs** …

42 U.S.C. § 1988(b) (emphasis added).  "[W]hile prevailing plaintiffs are entitled to attorneys' fees under [§ 1988] in all but special circumstances, prevailing *defendants* are entitled to attorneys' fees much less frequently." *Smith v. Smythe–Cramer Co*., 754 F.2d 180, 182 (6th Cir. 1985) (emphasis added) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417–18 (1978)).  *See also Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005).  Specifically, "a prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without

18

foundation, even though not brought in subjective bad faith." *Wolfe*, 412 F.3d at 720 (quoting *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994)). *See also Fox*, 563 U.S. at 833; *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *Christiansburg*, 434 U.S. at 421; *Bowman v. City of Olmsted Falls*, 802 Fed. Appx. 971, 974 (6th Cir. 2020).

In determining whether claims are "frivolous, unreasonable, or without foundation," the Court must look "into the plaintiffs' basis for bringing suit." *Smith*, 754 F.2d at 183. "Awards to prevailing defendants will depend on the factual circumstances of each case." *Id.* The Sixth Circuit has explained that, as a general matter, an award of fees may be appropriate "'where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate.'" *Wolfe*, 412 F.3d at 720 (quoting *Smith*, 754 F.2d at 182). An award of attorneys' fees to a prevailing defendant may be appropriate, for example, when "'unambiguous' precedent 'clearly barred' each civil rights claim."[10] *Gerber v. Herskovitz*, 2023 WL 2155050 at * 2 (6th Cir. Feb. 22, 2023).

It is important, however, that "a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Wolfe*, 412 F.3d at 720 (quoting *Christiansburg Garment Co*, 434 U.S. at 421-22). *See also Bagi v. City of Parma, Ohio*, 795 Fed. Appx. 338, 342 (6th Cir. 2019). Indeed, "a court's ultimate determination that a claim is not legally sufficient to be

---

[10] The Court notes that, in their Motion, the City of Cleveland Defendants cite to case law from the Fifth and Eleventh Circuits for the standard for evaluating a prevailing defendant's request for an award of attorneys' fees. (Doc. No. 69 at p. 6.) This Court, however, is not bound by this out-of-Circuit authority and, instead, follows the standards set forth by the Sixth Circuit in its many cases on this issue, as set forth above.

presented to a jury does not, alone, merit an award of attorney's fees to a defendant." *Braun v. Ultimate Jetcharters, Inc*., 2014 WL 546895 at * 2 (N.D. Ohio Feb. 10, 2014).  *See also Smith*, 754 F.2d at 183 (noting that "the mere fact that allegations prove legally insufficient to require a trial does not, for that reason alone, render a complaint groundless under *Christiansburg*") (citing *Hughes*, 449 U.S. at 16).

The Sixth Circuit has also cautioned that "[a]n award of attorney fees against a losing plaintiff in a civil rights action 'is an extreme sanction and must be limited to truly egregious cases of misconduct.'" *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir.2001) (citing *Jones v. The Continental Corp*., 789 F.2d 1225, 1232 (6th Cir.1986)).  *See also Bowman*, 802 Fed. Appx. at 975; *Bagi*, 795 Fed. Appx. at 342.  Moreover, district courts must exercise particular care in evaluating requests for attorneys' fees awards against *pro se* civil rights plaintiffs.   As the Supreme Court has noted, "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Hughes*, 449 U.S. at 15.  *See also Nesmith v. Hospice Compassus,* 2019 WL 1053646 at 4 (M.D. Tenn. Feb. 14, 2019), *report and recommendation adopted*, 2019 WL 1043383 (M.D. Tenn. March 5, 2019).[11]

A district court has broad discretion in determining whether to award attorneys' fees to a prevailing party.  *See Barrow v. City of Cleveland*, 773 Fed. Appx. 254, 266 (6th Cir. 2019) ("Because of 'the district court's superior understanding of the litigation and the desirability of avoiding frequent

---

[11] Nonetheless, courts have assessed prevailing party attorneys' fees awards against *pro se* litigants where it was found to be warranted under the circumstances presented.  *See, e.g., Murray v. Williams*, 2018 WL 1401788 at * 2 (6th Cir. Feb. 17, 2018) (affirming attorney fee award of $1,224 as against *pro se* plaintiffs); *Justice v. Reda*, 1989 WL 148357 (6th Cir. 1989) (affirming attorney fee award of $373.75 against a *pro se* plaintiff); *Kondrat v. Byron*, 1987 WL 35929 (6th Cir. 1987) (affirming attorney fee award of $3,602.40 as against a *pro se* plaintiff). *See also Kennedy v. Grattan Township*, 2007 WL 1108566 at * 4 (W.D. Mich. April 10, 2007); *Multari v. Cleveland Community Hospital*, 2006 WL 3864813 at * 2-3 (E.D. Tenn. Dec. 14, 2006).

appellate review of what essentially are factual matters,' we afford a substantial degree of deference to the district court's determination of fee awards, reviewing for abuse of discretion") (internal citations omitted).

In the instant case, it is undisputed (and the Court finds) that the City of Cleveland Defendants are the prevailing parties as to each of Plaintiff's claims.  Thus, the primary issue before the Court is whether Plaintiff's claims were "frivolous, unreasonable, or without foundation," so as to justify an award of attorneys' fees.  For the following reasons, the Court finds that the City of Cleveland Defendants have failed to meet their heightened burden of showing that this is a truly "extreme" or "egregious" *pro se* civil rights case in which Plaintiff should bear Defendants' attorneys' fees.

While the Court ultimately granted summary judgment in the City of Cleveland Defendants' favor, the Court is not persuaded that Plaintiff's claims were necessarily frivolous, unreasonable, or without foundation.  As noted above, after conducting an initial review of Plaintiff's claims under 28 U.S.C. § 1915(e)(2), this Court allowed Plaintiff's claims to proceed, thus implicitly finding that Plaintiff had adequately plead colorable claims under § 1983 and state law.  Moreover, the Court notes that the City of Cleveland Defendants did not file a Motion to Dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6).  Several courts (including the Sixth Circuit) have noted that a defendant's failure to file a motion for dismissal may be indicative of the fact that the plaintiff's claim was not groundless from the outset.  *See, e.g., Riddle,* 266 F.3d at 550-551; *Katz v. The Village of Beverly Hills*, 2017 WL 474071 at * 2 (E.D. Mich. Feb. 6, 2017); *Machie v. Detroit Library Comm'n*, 2014 WL 4598991 at * 3 (E.D. Mich. Sept. 15, 2014); *Sprague v. Forystek*, 2007 WL 2812300 at * 2 (E.D. Mich. Sept. 26, 2007).

Moreover, although Plaintiff's claims were ultimately dismissed at the summary judgment stage, this does not necessarily equate to a finding that Plaintiff's claims were either "groundless at the outset" or that Plaintiff continued to litigate after it "clearly" became so. *See Smith*, 754 F.2d at 183; *Machie*, 2014 WL 4598991 at * 5. Indeed, as the Sixth Circuit has explained, "[a] plaintiff who continues to litigate claims after discovery has concluded, proceeds to summary judgment, and a judge thereafter rules that the claims are without merit, does not necessarily support the conclusion that the plaintiff's claims were frivolous, unreasonable, or groundless." *Riddle*, 266 F.3d at 551. *See also Smith*, 754 F.2d at 183 (noting that "the mere fact that allegations prove legally insufficient to require a trial does not, for that reason alone, render a complaint groundless under *Christiansburg*"); *Katz*, 2017 WL 474071 at * 3 ("[T]his Court notes that Plaintiffs' failure to allege sufficient facts to defeat the summary judgment motion does not make Plaintiffs' allegations groundless.") To find otherwise would be to engage in the sort of improper *post hoc* reasoning that is disfavored by both the Supreme Court and Sixth Circuit. *See Christiansburg Garment Co*, 434 U.S. at 421-22; *Wolfe*, 412 F.3d at 720.

The Court appreciates the City of Cleveland Defendants' frustration, particularly since this is not the first lawsuit filed by Plaintiff regarding the towing and impoundment of one of his vehicles. The Court also recognizes that it does not help Plaintiff's case that he failed to either conduct discovery or oppose the City of Cleveland Defendants' Motion for Summary Judgment. [12] However,

---

[12] The Court notes that the City of Cleveland Defendants do not seek fees for time spent responding to Plaintiff's Second Motion for Reconsideration. *See* Doc. No. 69-1. If anything was "frivolous, unreasonable, or without foundation" in this matter, it was Plaintiff's decision to seek reconsideration of this Court's Summary Judgment Opinion when Plaintiff did not even oppose the City of Cleveland Defendants' Motion for Summary Judgment in the first instance. Had the City of Cleveland Defendants sought an award of fees for time spent reviewing and opposing Plaintiff's Second Motion for Reconsideration, the Court would have likely granted it.

22

the "frivolous, unreasonable, or without foundation" standard is a high bar that only warrants prevailing defendants an award for attorney's fee in the most "egregious cases of misconduct." *Jones,* 789 F.2d at 1232.  The City of Cleveland Defendants have failed to establish such conduct by Plaintiff herein.  Although Plaintiff's claims were ultimately found to be without merit, the Court cannot say that he had no arguable basis for pursuing the instant lawsuit.  The Court does, however, wish to caution Plaintiff as follows.  Now that he has clearly lost on his various theories of recovery in both federal and state court relating to the towing and impoundment of his vehicles, Plaintiff is forewarned that he may be subject to an award of attorney's fees if he unsuccessfully pursues yet another lawsuit on this issue.

Accordingly, in the exercise of its discretion (and for all the reasons set forth above), the Court denies the City of Cleveland Defendants' Motion for Attorneys' Fees.

V.      **Conclusion**

For all the reasons set forth above, Plaintiff's Second Motion for Reconsideration (Doc. No. 71) is DENIED.   The City of Cleveland Defendants' Motion for Attorneys' Fees (Doc. No. 69) is DENIED.

        **IT IS SO ORDERED.**


Dated:  October 4, 2023                        *s/Pamela A. Barker*
                                               PAMELA A. BARKER
                                               UNITED STATES DISTRICT JUDGE