## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Michael A. Oko, | Case No. 1:21cv2222 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| City of Cleveland, et al., | |
| Defendants | MEMORANDUM OPINION & ORDER |

Currently pending are *pro se* Plaintiff Michael Oko's Motions for Leave to Proceed *In Forma Pauperis* and Motions to Stay.  (Doc. Nos. 76, 77, 79, 80.)  For the following reasons, Plaintiff's Motions are DENIED.

## I.   Motions to Proceed *In Forma Pauperis*

Plaintiff has filed two Motions to Proceed *In Forma Pauperis* ("IFP") on appeal.  The first was filed on October 25, 2023, and requests that this Court grant Plaintiff IFP status in connection with his appeal of this Court's Orders dismissing his claims against Defendant Interstate Towing & Transportation and denying his First Motion for Reconsideration, to the United States Court of Appeals for the Sixth Circuit.  (Doc. Nos. 76, 73.)  As an Exhibit to this Motion, Plaintiff attaches a form entitled "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."  (Doc. No. 76 at pp. 2-6.)

Shortly thereafter, on November 2, 2023, Plaintiff filed another Motion to Proceed IFP on appeal.  (Doc. No. 79.)  In this Motion, Plaintiff requests that the Court grant him IFP status in connection with his appeal of this Court's Orders granting summary judgment in favor of Defendants City of Cleveland, John Combs, Michael Donegan, and John Smith (hereinafter "the City of

Cleveland Defendants") and denying Plaintiff's Second Motion for Reconsideration.  (*Id.*)  Plaintiff does not attach an IFP Application form to his second Motion to Proceed IFP.

Fed. R. App. P. 24(a)(1) provides that, "except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court."  Fed. R. App. P. 24(a)(1).  In support of such a motion, "[t]he party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."  *Id.*  If a party was previously permitted to proceed IFP in the district court action, however, he need not seek authorization from the district court to proceed IFP on appeal. Specifically, Fed. R. App. P.  24(a)(3) provides as follows:

> (3) **Prior Approval**. A party who was permitted to proceed *in forma pauperis* in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal *in forma pauperis* without further authorization, unless:
>
> (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding; or
>
> (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3).

Here, Plaintiff was previously granted leave to proceed IFP in this action.  (Doc. No. 5.)  Thus, under Rule 24(a)(3), he was not required to seek further authorization to proceed IFP on appeal. Nonetheless, now that he has done so, the Court may in its discretion certify that an appeal is not taken in good faith.  *See Bruce v. Great Britain*, 2019 WL 13146768 at *1 (E.D. Tenn. Jan. 23, 2019). *See also Castellon v. Hinkle*, 2023 WL 5011304 (S.D. Ohio Aug. 7, 2023) ("This Court may deny a

movant's request to proceed on appeal *in forma pauperis* without requiring further authorization if it finds that the appeal is not taken in good faith."); 28 U.S.C. § 1915(a)(3) ("[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith").

The Sixth Circuit has held that "[a] frivolous appeal, one that 'lacks an arguable basis either in law or in fact,' would not be taken in good faith." *Shephard v. Morvzin*, 2016 WL 10592246 at *1 (6th Cir. Dec. 9, 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *accord Shepard v. Clinton*, 27 Fed. Appx 524, 524 (6th Cir. 2001). *See also Rivera De Jesus v. DLJ Properties, LLC*, 2022 WL 17098648 at *1 (E.D. Tenn. Nov. 2, 2022) (collecting cases), *report and recommendation adopted by* 2022 WL 17097737 (E.D. Tenn. Nov. 21, 2022). The good faith assessment is an "objective" one. *See Bruce*, 2019 WL 13146768 at * 1. It is irrelevant, for instance, that a litigant may have a subjective belief that their lawsuit is meritorious. *Id.* (citing *Lee v. Clinton,* 209 F.3d 1025, 1029 (7th Cir. 2000)). Rather the question is whether a "reasonable person" would believe the claim has legal merit. *Id.*

"The decision to grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court." *Powell v. Alcoa High School*, 2010 WL 3087387 at *2 (E.D. Tenn. Aug. 5, 2010) (quoting *Flippin v. Cobuyn*, 107 Fed. Appx 520, 521 (6th Cir. 2004)). *See also Rivera De Jesus*, 2022 WL 17098648 at * 2.

In the instant case, Plaintiff's requests for leave to proceed on appeal IFP are denied for several reasons. First, Plaintiff provides no explanation (either in his Notices of Appeal or his Motions) as to the issues he seeks to present on appeal, either with respect to this Court's Orders relating to Interstate Towing or this Court's Orders relating to the City of Cleveland Defendants. As noted above, the appellate procedural rules provide that a motion to proceed IFP "*must* ... state[ ] the issues

3

that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C) (emphasis added). "This requirement is designed to assist courts in the process of determining whether an appeal is taken in good faith." *Powell*, 2010 WL 3087387 at *2. *See also Rivera De Jesus*, 2022 WL 17098648 at * 2; *Ferguson v. Comm'r of Soc. Sec.*, 2008 WL 696610 at *1 (W.D. Mich. March 13, 2008) (same); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) ("[T]he district court must ascertain both the individual's pauper status and the merits of the appeal.")

Here, Plaintiff does not include statements of the issues he intends to present on appeal as required by Fed. R. App. P. 24(a)(1)(C), nor does he otherwise articulate what he believes to be an appealable issue. In the absence of such a statement, the Court is unaware of what issue(s) Plaintiff is seeking to appeal and, therefore, unable to evaluate whether Plaintiff's appeals are taken in good faith. This deficiency, standing alone, is sufficient to warrant denial of Plaintiff's Motions for Leave to Proceed on Appeal IFP.

The Court also denies Plaintiff's Motions because Plaintiff failed to fully complete the Long Form Application to Proceed IFP.[1]  (Doc. No. 76 at pp. 2-6.)  As set forth *supra*, Rule 24(a)(1)(A) requires that Plaintiff "show[] in the detail prescribed by Form 4 of the Appendix of Forms [his] inability to pay or to give security for fees and costs." Fed. R. App. P. 24(a)(1)(A). Here, however, Plaintiff fails to include any of the required information in Sections 2, 3, 4, 5, 6, 7, or 8 of the Long Form Application to Proceed to IFP attached to his first Motion to Proceed IFP. (Doc. No. 76 at pp. 2-6.) Plaintiff's Application is entirely deficient.

---

[1] As noted above, Plaintiff attached the Long Form Application to Proceed IFP to his first Motion to Proceed IFP (Doc. No. 76 at pp. 2-6), but not to his second Motion to Proceed IFP (Doc. No. 79.) Nonetheless, the Court will consider Plaintiff's Long Form Application (located at Doc. No. 76 at pp. 2-6) in connection with both of his Motions to Proceed IFP.

4

Accordingly, and for all the reasons set forth above, the Court DENIES Plaintiff's Motions to Proceed IFP on appeal. (Doc. No. 76, 79.) If Plaintiff intends to proceed with his appeal, he must, within thirty days of the date of this Order, either pay the filing fee or file a motion in the United States Court of Appeals for the Sixth Circuit to proceed on appeal *in forma pauperis* as set forth in Federal Rule of Appellate Procedure 24(a)(5).[2] *See Martin v. Ohio*, 2020 WL 13627212 at * 2 (S.D. Ohio April 8, 2020); *Rivera De Jesus*, 2022 WL 17098648 at * 2.

## II.    Motions to Stay

Plaintiff has also filed two Motions to Stay, the first on October 25, 2023 and the second on November 2, 2023. (Doc. Nos. 77, 80.) These Motions are identical and provide (in their entirety) as follows:

> The undersign[ed] Plaintiff, Michael Oko without benefit of Counsel hereby request[s] a stay of execution of final Judgment entered in this case on [July 14, 2023, September 28, 2023, and October 04, 2023] pending the final determination of the United States Court of Appeals. The public interest in the administration of justice demand[s] that an appellate Court review of this Honorable erroneous decision is warranted.

(*Id*.)

Under Federal Rule of Civil Procedure 62(b), a litigant may obtain a stay of execution of a judgment pending appeal "by providing a bond or other security." Fed. R. Civ. P. 62(b). A stay of a monetary judgment issues as a matter of right under the rule when a supersedeas bond is posted and is approved by the court. *Arban v. West Publ'g Corp.,* 345 F.3d 390, 409 (6th Cir. 2003). Rule 62(b), however, does not "impl[y] that filing a bond is the only way to obtain a stay.'" *Arban*, 345 F.3d at

---

[2] Specifically, Rule 24(a)(5) provides as follows: "A party may file a motion to proceed on appeal *in forma pauperis* in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1)." Fed. R. App. P. 24(a)(5).

409 (quoting *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980)). Under appropriate circumstances, courts may exercise their discretion to dispense with the bond requirement when granting a stay of a monetary judgment. *Id*.

Here, there is no monetary judgment against Plaintiff nor did the Court enter any sort of injunctive relief against him, either in the Court's June 21, 2023 Memorandum Opinion & Order granting Defendant Interstate Towing's Motion to Dismiss or the Court's July 7, 2023 Memorandum Opinion & Order granting the City of Cleveland Defendants' Motion for Summary Judgment.  (Doc. Nos. 65, 66, 73, 74.)  Moreover, this Court denied the City of Cleveland Defendants' request for an award of attorneys' fees against Plaintiff.  (Doc. No. 74.)  Thus, it is unclear what exactly Plaintiff is seeking to stay.

Accordingly, and in the absence of any meaningful explanation as to the basis for either of his Motions, the Court denies Plaintiff's Motions for Stay.

## III.    Conclusion

For all the foregoing reasons, Plaintiff's Motions to Proceed IFP (Doc Nos. 76, 79) and Motions to Stay (Doc. Nos. 77, 80) are DENIED.  If Plaintiff intends to proceed with his appeal, he must, within thirty days of the date of this Order, either pay the filing fee or file a motion in the United States Court of Appeals for the Sixth Circuit for leave to proceed on appeal *in forma pauperis* as set forth in Federal Rule of Appellate Procedure 24(a)(5).

**IT IS SO ORDERED.**


Dated:  November 3, 2023                              *s/Pamela A. Barker*
                                                     PAMELA A. BARKER
                                                     UNITED STATES DISTRICT JUDGE

6